[No. 9864.    Department One. — May 15, 1888.]

E. FANNING, APPELLANT, *v.* F. BOHME ET AL., $\begin{vmatrix} 76 & 149 \\ 135 & 213 \end{vmatrix}$
RESPONDENTS.

STREET ASSESSMENT — SAN FRANCISCO — ACT OF APRIL 1, 1872 — GRADING — DETERMINATION THAT ADJACENT BLOCKS HAD BEEN GRADED. — The board of supervisors of the city and county of San Francisco, upon the recommendation of the superintendent of streets, were authorized, by the act of April 1, 1872, to order a block of a street to be graded, without a petition therefor from the property owners, whenever two or more adjacent blocks had been graded on each side of the ungraded one. The grading for which the assessment in question was levied was done under

an order so made, upon the determination by the city officials that an adjacent block had been graded about twenty years previously. In the action to foreclose the assessment, the evidence showed that the present grade of the adjacent block varied in places from the official grade, the variation ranging from a few inches to a foot and three quarters. *Held*, that the evidence was insufficient to overcome the presumption that the block had been graded.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts are stated in the opinion of the court.

*J. M. Wood*, and *J. C. Bates*, for Appellant.

*Frank & Eyre, Milton S. Eisner*, and *Mark J. Platshek*, for Respondents.

SEARLS, C. J. — This is an action to foreclose a street assessment for grading Vallejo Street from Montgomery to Kearny, in the city and county of San Francisco. Under the provisions of an act of the legislature, approved April 1, 1872 (Stats. 1871–72, p. 806), it is provided that "where any public street shall have been graded, or graded and macadamized, or graded and paved, for the distance of two or more blocks on each side of any one or more blocks or crossings of a street which is not improved," then and in such cases the board of supervisors were authorized, upon the recommendation of the superintendent of public streets, to order such unimproved block to be graded. Under these circumstances the board ordered the block in question graded, without a petition therefor, as is required where the adjacent blocks are not graded. The main question at the trial turned upon the fact as to whether that portion of Vallejo Street between Sansome and Battery, one of the two blocks next east of the block in question, had or had not been graded before the date of the recommendation of said superintendent. The court below found in favor of plaintiff upon all the facts essential to a recovery, except upon this one, as to which the finding

was, that the block of Vallejo Street between Sansome and Battery had not been graded. This finding is assailed by appellant, as being unwarranted by the evidence.

At the trial plaintiff introduced in evidence the assessment, diagram, warrant, and affidavit of demand, with proof of recordation of such documents, being in form and substance sufficient, *prima facie*, as is admitted, to entitle plaintiff to recover. Section 12, Statutes of 1871–72, page 815 (street law of San Francisco), prescribes the rule of evidence as follows: " The said warrant, assessment, and diagram shall be held *prima facie* evidence of the regularity and correctness of the assessments, and of the prior proceedings and acts of the said superintendent of public streets, highways, and squares, and of the regularity of all the acts and proceedings of the board of supervisors upon which said warrant, assessment, and diagram are based." It must be conceded that, if the evidence adduced by defendant was sufficient to overcome the *prima facie* case founded upon the performance of the acts specified by statute, then the board of supervisors had no jurisdiction to order the work done. That portion of Vallejo Street involving the block in question, and being between Sansome and Battery streets, runs along the base of Telegraph Hill, and the original surface was about sixty feet above the grade of the street at Sansome, and about fourteen feet above at Battery Street. The official grade of this portion of the street, prior to 1868, was thirty feet above base at Sansome, and ten feet above at Battery Street. In the last-named year the official grade was reduced to twenty-eight feet above base at Sansome. The evidence on the part of defendant tended to show that in 1865, 1866, or 1867 the property owners on the block in question graded it by excavating and removing the hill so as to make the street passable for teams, and apparently supposed they had brought the street to the official grade. There can-

not be said to be any substantial conflict in the testimony. It shows that the block of Vallejo Street between Battery and Sansome varies in places from the official grade; that it is generally upon or very near such grade, but that, at one point, it is one foot nine inches above grade, at sundry points a few inches above, and at one or two points a trifle below grade. The highest point above grade, judging from its position on the diagram presented, must be under or at the edge of the sidewalk, if such there be. When we take into account that this street was graded some twenty years since, that, so far as appears, it has never been paved, that at the date of the trial it had been in use as a public street more than fifteen years, that the rock cutting was in some places hard and at others soft, that it had been worn out in places and filled in by the deposit of material for that purpose, and that most of the inequalities may be accounted for from this cause, coupled with the fact that it is so nearly accurate, we are of opinion the street was substantially graded, and that the court below should have so found. A moment's reflection must teach us two things: 1. That, were it so graded, the use in a great city for a number of years, without being paved, must inevitably produce inequalities of surface. This result is as certain as the laws of nature, of which it is a sequence. There is a presumption "that official duty has been regularly performed." (Code Civ. Proc., sec. 1963, subd. 15.) The proper officers, in the discharge of their official duty, decided that this portion of Vallejo Street had been graded. This presumption is open to rebuttal; but when the witnesses who were expressly employed to find departures from the official grade find no wider departure than that described in the evidence, we are of opinion the presumption should still remain, and that the finding of fact should have been that Vallejo Street, for the block from Sansome to Battery Street, had been graded prior to October 16, 1876.

We entertain some doubt as to the correctness of the ruling of the court below in excluding the testimony of the witness Fanning. His opinion as an expert was not admissible, but it may well be that he possessed knowledge of facts which were proper and within the purview of the questions propounded. If so, he should have been, heard. We should not reverse the judgment for this cause alone, for the reason that counsel for defendant should have so narrowed his question as to eliminate from it the idea that he was calling for the mere opinion of the witness. Upon the whole record we think the order appealed from should be reversed, and a new trial had.

Ordered accordingly.

McKINSTRY, J., and PATERSON, J., concurred.