[No. 11452.    Department One. — April 22, 1889.]

ALICE DORLAND, ADMINISTRATRIX ETC. OF H. S. DORLAND, DECEASED, APPELLANT, v. OLE BERGSON, RESPONDENT.

STREET ASSESSMENT — ESTABLISHMENT OF OFFICIAL GRADE — CERTIFICATE OF COUNTY SURVEYOR. — A certificate of the county surveyor of the city and county of San Francisco, to the effect that he "has examined the work of curbs and macadam" done on a certain street, "and finds curbs on official grade and line," is insufficient to prove the establishment of the official grade of the street.

ID. — ESTABLISHMENT OF GRADE OF CROSSING. — The establishment of the official grade of two crossings of the same street, which are two blocks apart, does not establish the official grade of the intervening portion of the street.

ID. — ASSESSMENT IN GROSS — DEMAND — INVALIDITY OF PART VITIATES WHOLE. — Where an assessment is made in gross for the work of curbing and macadamizing a street, and demand is made for payment of the entire assessment, the invalidity of the assessment as to the macadamizing vitiates it as to the curbing.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to foreclose a street assessment for work done in the city and county of San Francisco. The further facts are stated in the opinion of the court.

*J. M. Wood,* for Appellant.

*Craig & Meredith,* for Respondent.

PATERSON, J. — Action to foreclose the lien of a street assessment. The assessment was for redwood curbs, furnished and laid on Eighteenth Street, from the easterly line of Castro Street to Diamond Street, and for the macadamizing of the roadway thereof.

The defendant relied upon the defense stated in his answer, that the grade of the street had never been officially established.

The court found that the grade of that portion of Eighteenth Street which forms the crossing of Eighteenth and Castro streets had been duly established, but that the grade of Eighteenth Street from the westerly line of Castro Street to Diamond Street had never been officially determined or established. Plaintiff had judgment for the sum of $36.33, being the amount due for work done on the crossing, together with costs, and the land described in the complaint was adjudged to be subject to the lien in favor of the plaintiff for the amount due. It was further adjudged that as to the remainder of the sum demanded in the complaint, namely, for the work done on Eighteenth Street between Castro and Diamond streets, the plaintiff was not entitled to recover any portion thereof.

To sustain the allegations of her complaint, the plaintiff read in evidence the original assessment, diagram, warrant, and affidavit of demand and non-payment mentioned in the complaint, together with the indorsements thereon, showing that the same had been recorded. These documents were sufficient in form, and made a *prima facie* case in favor of the plaintiff. The plaintiff then rested her case. The defendants offered evidence "tending to show that the grade of Eighteenth Street, from Castro to Diamond streets, had never been officially or otherwise established." The clerk of the board of supervisors testified that he had made diligent search among the records of the board, and could find no order or ordinance of the board fixing or establishing the grade of the crossing of Eighteenth and Sherman streets, and that Sherman Street, according to the assessor's books, is a street forming one of the boundaries of a block. Order No. 684, passed January 30, 1866, was produced by the witness (this order established the official grade of the crossing of Eighteenth and Castro streets), and order No. 972, approved November 9, 1870, establishing the official grade of the crossing of Eighteenth and Dia-

mond streets. The distance between Diamond Street and Castro Street is two blocks, Sherman Street cutting Eighteenth Street midway between Diamond and Castro. There is nothing in the evidence to show that the official grade of the crossing of Eighteenth and Sherman streets has ever been established. The certificate of the county surveyor, upon which appellant relies in part, is dated August 5, 1876, and certifies that he "has examined the work of curbs and macadam done on Eighteenth Street from Castro to Diamond streets, and finds curbs to official grade and line." This certificate manifestly is insufficient to prove the establishment of an official grade. It speaks only of curbs, and there is nothing in the record to connect it with the assessment upon which plaintiff relies. If it could be considered as evidence tending to show the establishment of a grade for curbs, it would avail the plaintiff nothing, because the lot was assessed for two amounts only: 1. "The sum of $105.26, rated at $0.84208 per foot fronting on said Eighteenth Street, for said work done in front thereof, and the further sum of $23.80, rated at $0.119, for its proportion of said work done on the crossing of Eighteenth and Castro streets. Demands were made for "payment of the said several sums so assessed thereon." The amount due for curbing, therefore, cannot be segregated from the total amount assessed against the lot.

There is attached to the statement what purports to be an original profile from the office of the surveyor of the city and county of San Francisco, showing the profile of Eighteenth Street between Diamond and Castro streets. Counsel for appellant says that the blue line on the profile shows the elevation of the surface of the soil of the center line of the street, and that the red line shows the official grade. There is nothing upon the face of the profile to indicate this, and there is nothing in the testimony to explain the meaning of the lines appearing on the profile. Sherman Street is not named in the profile.

It is claimed by counsel for appellant that "the fixing of a definite height of a street at two points itself fixes the official grade between such two points to be an arbitrary straight line drawn between such points so established." But manifestly this cannot be correct. There is nothing in the record to sustain the contention, and any one familiar with the topography of the city and county of San Francisco must see at a glance that such a rule would be inapplicable to the streets thereof.

It devolves upon the appellant to show error. No error is shown here.

Judgment and order affirmed.

Works, J., and Beatty, C. J., concurred.

Hearing in Bank denied.