[No. 15085. Department One.—August 30, 1893.]

JOHN W. McDONALD, APPELLANT, v. MICHAEL CONNIFF ET AL., RESPONDENTS.

STREET ASSESSMENT—IMPROVEMENT OF PART OF STREET BETWEEN CROSSINGS—VALIDITY OF ASSESSMENT.—Under the act of 1889 (Stats. 1889, p. 157), the city council has authority in certain cases to order the improvement of only a portion of a street lying between two main street crossings, and when so ordered, the assessment therefor must be upon only the lots which front on the portions of the work ordered; and an assessment for work done under such order is not void upon its face because only a part of the lots on the street on which the work is to be done are assessed therefor.

ID.—IMPROPER ASSESSMENT—REMEDY BY APPEAL.—It is the duty of the superintendent of streets, when part only of a street is ordered improved, to exclude from the assessment lots fronting upon excepted work already done; but the remedy of the party aggrieved is by an appeal to the supervisors for correction of the assessment, and it is not rendered void upon its face for including lots which ought not to be assessed.

Id. — Diagram of Street Work Auxiliary to Assessment — Contents — Location of Work not Required. — A diagram of street work attached to an assessment therefor is only auxiliary to the assessment, and if it exhibits the street upon which the work was done and also delineates the several lots assessed and shows that each of the lots assessed fronts upon such street and that its location is within the territory liable to be assessed for the work done, it sufficiently complies with the statute, and is not required to show the location of the particular portion of the street in which the work was done.

Id. — Prima Facie Evidence of Regularity of Proceedings — Constitutional Law. — The statute making the assessment and other documents *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings is a constitutional regulation of the rules of evidence, and is not a local or special law "regulating the practice of courts of justice" within the inhibition of the state constitution.

Id. — Regulation of Rules of Evidence. — It is competent for the legislature to prescribe rules of evidence for the trial of actions, and statutes which make a document *prima facie* evidence of the regularity of official proceedings in reference thereto, or which cast the burden of proof in an issue upon either party to the action, are within the constitutional power of the legislature.

Id. — General Law — Statute Regulating Judicial Procedure — Special Legislation. — It is not necessary that a law shall affect all the people of the state in order that it may be general, or that a statute concerning procedure in courts of justice shall be applicable to every action that may be brought in the courts of the state to prevent it from being subject to the constitutional inhibition against special legislation. A statute which affects all the individuals of a class, or all actions of a particular kind, and is in force in all parts of the state, is a general and not a special law.

Id. — Charge for Engineering — Incidental Expenses — Presumption. — An item for engineering work done is properly included in the "incidental expenses" in the assessment, and upon the face of the assessment it must be assumed that the work was done and the amount included therefor is correct.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellant.

*Horace W. Philbrook,* for Respondents.

Harrison, J. — Action to foreclose the lien of a street assessment in the city and county of San Francisco.

At the trial the plaintiff offered in evidence the assessment, diagram, warrant, certificate of engineer, with the affidavit of demand and non-payment indorsed upon the warrant, to the introduction of which the defendants objected upon the grounds "that the same were immaterial, irrelevant, and incompetent, because the assessment is void on its face, as only a part of the lots on Tenth Street, between Folsom and Harrison Streets,

were assessed; and, also, that the diagram did not show on which side of Tenth Street or what particular part of Tenth Street the work for which the assessment was made, or the relative location of the lot of defendant Conniff assessed to the work done, or any part thereof; also, because no foundation had been laid for introducing the diagrams or any of them offered, no prior proceeding having been shown authorizing the assessment, diagram, warrant, or certificate, or any of them; also, because the item in the assessment of $25.83 engineering is unauthorized and illegal." The court sustained the objection and excluded the evidence. Judgment of nonsuit was thereupon entered, and the defendant has appealed therefrom.

1. Section 2 of the act under which the proceedings were had (Stats. 1889, p. 157) authorizes the city council to order the improvement of "the whole or any portion, either in length or width," of the streets of the city, and in subdivision 11 of section 7 the council is authorized in its order for any of the work mentioned in the act, "to except therefrom any of said work already done upon the street to the official grade." Subdivision 8 of section 7 of the act provides that "where any work . . . . is done on either or both sides of the center line of any street for one block or less, and further work opposite to the work of the same class already done is ordered to be done to complete the unimproved portion of said street, the assessment to cover the total expense of said work so ordered shall be made upon the lots or portions of the lots only fronting the portions of the work so ordered." It thus appears that authority is given to the city council in certain cases to order the improvement of only a portion of a street lying between two main street crossings, and that such improvement may be confined to a portion of the street upon one side of its middle line, and also that when only such portion of a street is to be improved, the assessment therefor must be upon only the lots which front the portions of the work ordered.

In the present case the improvement ordered by the supervisors, and for which the assessment was made, was "that granite curbs be laid on Tenth Street, between Folsom and Harrison Streets, where not already laid; that the roadway thereof be paved with basalt blocks where not already so paved,

and that granite curbs and plank sidewalks be laid on angular corners of the intersection of Sheridan and Tenth Streets, and that granite cross-walks be laid across said intersection."

It was for the supervisors to determine what portion of Tenth Street they would order improved, and if, in fact, prior to the passing of the resolution of intention any portion of the street had been so improved, it was the duty of the superintendent to make the assessment for the work done under the contract upon only the lots "fronting upon the work so ordered," and to exclude therefrom the lots "fronting upon said excepted work already done." If the superintendent in making such assessment included lots which ought not to have been assessed, or failed to include those which should have been assessed, the remedy of the party aggrieved was by an appeal to the supervisors for a correction of the assessment. Inasmuch, therefore, as there are instances in which an assessment is authorized to be made upon only a portion of the lots fronting upon a street on which an improvement has been ordered, it cannot be said that the assessment in question is void upon its face.

2. The objection that the diagram does not show "on which side of Tenth Street, or what particular part of Tenth Street the work for which the assessment was made," is not clear. The grammatical construction of the objection is that the diagram does not show the work for which the assessment was made, and it is sufficient to say that there is no requirement in the statute that the "work" shall be shown or even designated upon the diagram; but if it be construed as an objection that the diagram does not show upon what portion of Tenth Street the work was done, it may also be said that the statute does not make this requirement. The provision of the statute is that a diagram shall be attached to the assessment, "exhibiting each street on which any work has been done, and showing the relative location of each lot to the work done, numbered to correspond with the numbers in the assessments, and showing the number of feet fronting, or number of lots assessed for said work contracted for and performed." The diagram is only auxiliary to the assessment, and is intended to be merely a map *exhibiting* "each street" upon which the work has been done, and not the particular portion of the street in which the work

was done. The requirement that it shall show "the relative location of each lot assessed to the work done" is satisfied if it shows their location in relation to the "exhibited" street upon which the work was done. Taken in connection with the description of the work for which the assessment was made, it can then be seen from an inspection whether any of the lots assessed are so located as to be liable for any part of the expense of the work, and if for any reason a particular lot ought not to have been assessed for that work, the error can be corrected upon application to the proper tribunal. The diagram is not intrinsically invalid unless the lots shown thereon are so located that they could not under any circumstances be made liable for a portion of the expense of the work. It is not essential to the validity of an assessment that the lots assessed should front upon the entire portion of the street exhibited upon the diagram. In the case of an assessment for work done upon main street crossings, or at the termination of one street in another, the street crossing or the termination is required to be exhibited on the diagram, while the lots to be assessed front upon portions of the streets on which none of the work was done, and the diagram is to show their relative location to the work done by showing that they are within the quarter blocks or territory liable to be assessed. The diagram in the present case sufficiently complies with the statute. It exhibits Tenth Street as the street upon which the work was done, and it also delineates the several lots assessed and shows that each of the lots assessed fronts upon Tenth Street, and that its location is within the territory liable to be assessed for work done upon Tenth Street.

3. The statute makes the assessment, with the other documents offered by the plaintiff, *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which it is based, and it was therefore not necessary to offer any evidence of these prior proceedings as the foundation for introducing these documents. It is competent for the legislature to prescribe rules of evidence for the trial of actions, and statutes which make a document *prima facie* evidence of the regularity of official proceedings in reference thereto, or which cast the burden of proof in an issue upon either party

to the action, are within the constitutional power of the legislature. (Cooley's Constitutional Limitations, 450.) Neither does this provision of the statute contravene the provision of the constitution prohibiting the legislature from passing special or local laws "regulating the practice of courts of justice." It is not necessary that a law shall affect all the people of the state in order that it may be general, or that a statute concerning procedure shall be applicable to every action that may be brought in the courts of the state. A statute which affects all the individuals of a class is a general law, while one which relates to particular persons or things of a class is special. A statute regulating the rights of married women, or which affects all mining corporations, or confers rights upon municipal corporations of a certain class, or places restrictions upon all foreign corporations, is a general law. (*City of Pasadena* v. *Stimson,* 91 Cal. 238; *In re Madera Irrigation District,* 92 Cal. 316; 27 Am. St. Rep. 106; *Wheeler* v. *Philadelphia,* 77 Pa. St. 348; *Iowa R. R. L. Co.* v. *Soper,* 39 Iowa, 112; *Matter of New York Elevated R. R. Co.,* 70 N. Y. 350; *In re Church,* 92 N. Y. 1; *Ferguson* v. *Ross,* 126 N. Y. 459.) The provision under consideration is neither a local nor a special law. It is applicable to all actions for the foreclosure of street assessment liens, and is in force in all parts of the state. That the legislature may prescribe different rules of procedure, as well in matters of pleading as of evidence, for different actions, is illustrated by what it has done in defining the form of pleading upon judgments and in other special actions, in requiring the pleadings in forcible entry and detainer to be verified, in denying a divorce upon the mere default of the defendant, in making a tax deed *prima facie* evidence of the regularity of the proceedings prior to its issuance, and in requiring a different form of proof for the execution of a will from that of any other written instrument, as well as in numerous other instances.

4. The objection to an item for engineering is evidently the result of an oversight. Section 8 of the act under consideration requires the superintendent to include "any incidental expenses" in the assessment to be made by him. Section 34 provides that the city and county surveyor shall do the surveying and "other engineering work" necessary to be done, and that his com-

pensation therefor shall be included in the term "incidental expenses." Upon the face of the assessment it must be assumed that the engineering work was done and that the amount included therefor is correct.

The court, therefore, erred in excluding the evidence, and for this error its judgment is reversed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.