[S. F. No. 1080. Department Two.—February 28, 1899.]

WILLIAM EDWARDS, Respondent, v. F. A. BERLIN, Appellant.

STREET ASSESSMENT—DESCRIPTION OF IMPROVEMENT—WORK " WHERE NOT ALREADY DONE"—POWER NOT DELEGATED.—A description of a street improvement in the resolution of intention calling for curbing within certain specified limits, "where not already done," involves no delegation of power to the superintendent of streets, and leaves nothing to be determined as to the amount of work to be done, and does not render invalid an assessment for the improvement.

ID.—EVIDENCE—PRIMA FACIE CASE—BURDEN OF PROOF.—The street assessment,put in evidence in an action to enforce it, makes a *prima facie* case, which cannot be overcome without affirmative proof of a failure of the board to perform some act essential to its validity.

ID.—INCOMPLETE RECORDS—RESOLUTION OF INTENTION—UNSATISFACTORY
IDENTIFICATION— VALIDITY.— The *prima facie* case made by the
assessment is not sufficiently overcome by mere proof that the
resolution of intention was not entered in full in the minutes
of the meeting at which it was adopted, and that such minutes
merely referred, by number of the resolution, to a numbered
book of resolutions of intention kept by the clerk of the board,
containing printed forms, filled out with the number and descrip-
tion of the work adopted by the board, without providing any
mode of authentication or certification thereof, other than the
printed name of the clerk. Such book is not a satisfactory mode
of identification of the resolution adopted, but the resolution is
not thereby rendered invalid.

ID.—RESOLUTION EXTENDING TIME—DESCRIPTION OF WORK.—A resolu-
tion extending time for the performance of the work is not
jurisdictional in the absolute sense, but is an act within the
exercise of the jurisdiction assumed to be vested in the board;
and where the description of the work in such a resolution is
sufficient as between the board and the contractor to indicate
what contract it was intended to extend, nothing more is re-
quired.

ID.—DECLARATION OF BID—ABSENCE OF PROOF IN MINUTES—VOID ASSESS-
MENT.—The requirement in the Vrooman act that the proposals or
bids shall in open session be examined and publicly declared by
the city council is imperative; and where the minutes of the
board put in evidence showed no such proceeding to have been
had at any time, it must be concluded that it was not done; and
the assessment is rendered void by the failure of such proof.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, Appellant in Person.

J. C. Bates, for Respondent.

TEMPLE, J.—In this case, which is an action to foreclose
an assessment lien, defendant contends that the assessment is
void for eighteen specified reasons.

The first two points depend upon the alleged lack of power
because the resolution of intention calls for curbing where not
already done. The objection was overruled in *Williams v. Ber-
gin,* 116 Cal. 56. It is held that under such a contract or reso-
lution nothing is left to be determined, as to the amount of work

to be done, by the street superintendent. The board exercises its own judgment in the matter, and delegates nothing to others. (*McDonald v. Conniff*, 99 Cal. 386; *Williams v. Bergin, supra.*)

The third, fourth, and fifth points are all founded upon the mode of entering orders in the minutes by the clerk of the board of supervisors. For the purpose of overcoming the *prima facie* case made by the assessment the defendant called the clerk and introduced the records kept by him. All that the minutes disclose in regard to the resolution of intention is as follows: "Supervisor Day also offered a resolution declaring the intention of the board to order the performance of certain street work, which was on motion adopted and numbered 9950. Supervisor Denman voting no." The resolution is not entered on the minutes, and it was not even shown that it had been filed. The direction to the clerk to cause the resolution to be posted and published is not entered on the minutes at all, but it is customary to include that in the resolution of intention.

In rebuttal plaintiff produced a book which was found in the office of the clerk of the board, entitled "9306 to 10114-43— Resolutions—No. 43." This book contained blank printed forms of resolutions of intention, with spaces left for whatever was peculiar to each resolution, and with the name of the clerk printed at the end of each. Some of the blanks had been filled out, and among them one which included a description of the work for which this suit was brought. None of them are certified or authenticated in any mode whatever, for, of course, the printed name of the clerk under such circumstances performs no one purpose or function of an authentication.

But while it must excite our special wonder that important records of the city and county are kept in this loose way, we do not feel like holding that the proceedings are therefore void. A legislative body is not required to keep its minutes in any one book. Unless the law requires it, their enactments need not be there entered at all, but the minutes certainly should show what action was had upon them—that is, that they were enacted, and the enactments themselves should be authenticated in some mode.

No special mode of authentication seems to have been provided, and although a mere reference by number to what is as-

sumed to be a book of resolutions kept by the board is an unsatisfactory mode of identification, we cannot say that the resolution is thereby made invalid. The assessment being put in evidence makes a *prima facie* case. To rebut it the defendant must prove affirmatively the failure on the part of the board to perform some act essential to its validity. The minutes show the requisite action on the part of the board. Some resolution corresponding in number was passed. It is a question simply of identification, and I think the *prima facie* case has not been rebutted.

Similar objections are made to the order directing the work to be done, and to three several orders granting extensions of time, and the objections may all be similarly answered. To the resolutions extending time the additional objection is made that the resolution does not sufficiently describe the work. These resolutions were, however, not jurisdictional in the absolute sense, but were acts in the exercise of jurisdiction which it is assumed had been vested in the board. The description is sufficient as between the board and the contractor to indicate what contracts it was intended to extend, and nothing more was required.

The next objection made cannot, I think, be so readily disposed of. It is provided in section 5 of the so-called Vrooman act that bids shall be invited for doing the work, and that each proposal or bid shall be accompanied by a check, and that "said proposals or bids shall be delivered to the clerk of the said city council, and said council shall in open session examine and publicly declare the same," et cetera.

The allegation in the complaint is, that the bids were opened and publicly declared on the second day of October, 1894. The minutes of the board were put in evidence, and they showed that no such proceedings were had on that day or at any other time. *Prima facie*, at least, this is proof that the statute was not in this respect complied with. What the minutes do not show to have been done we must conclude was not done. No argument is needed to show that this requirement is imperative. It was intended thereby to secure to the property owners, the public, and the rival bidders, fair play and an honest deal. At the same time it affords some degree of security to the board

against unjust charges. It is enough, however, that it is required by the statute, and compliance may be of advantage to the property owners. For this reason I think the assessment cannot be upheld.

Other points need not be noticed.

Judgment and order reversed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.