[S. F. No. 1923.   Department Two.—December 26, 1901.]

## J. R. BLANCHARD, Respondent, v. WILLIAM LADD, Appellant.

FORECLOSURE OF STREET ASSESSMENT—WIDTH AND GRADE OF STREETS— PRIMA FACIE CASE—NEW TRIAL.—In an action to foreclose the lien of a street assessment, the warrant, assessment, engineer's certificate, and diagram, with the affidavit of demand and non-payment, all of which appeared to have been duly recorded in the office of the street superintendent, established a *prima facie* case for the plaintiff; and in the absence of evidence to the contrary, proved all the facts constituting his cause of action, including the fact that the width and grade of the streets in question had been officially established; and where the court found against that fact, for the want of other evidence to prove it, a new trial was properly granted.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion.

T. Z. Blakeman, for Appellant.

Alexander G. Eells, and H. K. Eells, for Respondent.

SMITH, C.—The suit was brought to enforce the lien of an assessment on land of defendant for grading the crossing of Capitol Avenue and Farallones Street in the city of San Francisco.

The court found all the allegations of the complaint to be

true, except the allegations that at the time mentioned in the complaint, the width and grade of the streets named had been officially established, and that the amount of the assessment was due. These it found to be untrue. Afterwards an order was made granting the plaintiff a new trial, from which the defendant appeals.

In this we think there was no error. The plaintiff's evidence consisted of the warrant, assessment, engineer's certificate, and diagram, with the affidavit of demand and non-payment,—all of which, it appeared, had been duly recorded in the office of the street superintendent; and no other evidence was introduced. This, under the express provisions of the statute, established the plaintiff's *prima facie* case, and hence established, in the absence of evidence to the contrary, all the facts constituting his cause of action, including the fact that the width and grade of the streets in question had been officially established. (Street Improvement Act, sec. 12 (Stats. 1889, p. 168); *Fanning* v. *Bohme,* 76 Cal. 151; *Fanning* v. *Leviston,* 93 Cal. 187; *McDonald* v. *Conniff,* 99 Cal. 391; *Clarke* v. *Meade,* 102 Cal. 519; *Dowling* v. *Conniff,* 103 Cal. 78.) The cases cited by the appellant's attorney are not in conflict with this position. In *Dorland* v. *Bergson,* 78 Cal. 637, evidence was introduced by the defendant "tending to show that the grade [of the street in question] had never been officially or otherwise established." In *Witter* v. *Bachman,* 117 Cal. 323, it appeared affirmatively that the return of the warrant had not been recorded; and it was said by the court: "None of the cases cited by plaintiff presented facts as exist here. There was nothing in these cases to show any defect in this *prima facie* evidence. But here the return of the warrant is self-impeached by showing on its face the fatal defect." In this case it affirmatively appears that the return and other documents were duly recorded; and it is therefore unnecessary to determine what, in the absence of direct proof, the presumption as to record would be.

I advise that the order appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.