[S. F. No. 3313.   Department One.—June 2, 1904.]

# J. J. DOWLING, Respondent, v. HIBERNIA SAVINGS AND LOAN SOCIETY et al., Appellants.

Street Assessment—Foreclosure—Prima Facie Case.—Upon the foreclosure of a street assessment, a *prima facie* case is made by introducing in evidence the assessment, diagram, warrant, return, and engineer's certificate, which can only be overcome by affirmative proof of a failure of the board to perform some act essential to the validity of the assessment.

Id.—Resolution of Intention — Identification — Prima Facie Case not Overcome.—Proof by the defendants that the resolution of intention was not entered in full upon the minutes of the board, but was found among its files, and referred to by number on the minutes of the board, with the name of the supervisor introducing it, and that a printed copy of the published resolution, showing the same number and name, and corresponding in contents with the filed resolution, was entered in a resolution-book kept in the office of the clerk of the board, does not overcome the *prima facie* case. It is a question simply of identification of the resolution, and it was sufficiently identified to sustain the *prima facie* case.

Id.—Affidavit of Posting Notices of Street Work—Line of Improvement—Exceptions of Work.—An affidavit of the posting of notices of the street-work proposed by the resolution which shows that the notices were posted along the line of the proposed improvement, at the statutory intervals of not less than one hundred feet in distance apart, is proper and sufficient, notwithstanding exceptions of work within said line. The line of the proposed improvement within the limits stated is not changed or affected by exceptions involved in the description of "granite curbs, where not already laid," and paving of the roadway "with bituminous rock, where not already so paved."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Tobin & Tobin, and J. C. Bates, for Appellants.

Alexander G. Eells, and Hobart K. Eells, for Respondent.

ANGELLOTTI, J.—This is an action to foreclose the lien of an assessment for street-improvement work.   Plaintiff had judgment, and certain defendants appeal therefrom.

1. It is contended that no jurisdiction was ever acquired by the board of supervisors to order the work, because no resolution of intention properly or officially authenticated was ever passed or adopted.

The plaintiff made a *prima facie* case by introducing in evidence the assessment, diagram, warrant, return, and engineer's certificate. To overcome the case thus made defenddants produced as a witness an assistant clerk of the board of supervisors, who testified that a paper produced by him from the files of the board was the original resolution. What purported to be a resolution of intention, numbered 2976 (fourth series), sufficient in form and substance, was contained therein, with the names of all the supervisors and the clerk printed thereon. The so-called resolution purported to have been introduced by E. Aigeltinger, and to have been adopted on June 12, 1899. On cross-examination of this witness, it was developed that he had simply found this paper among the files of papers in the office of the clerk of the board, and knew nothing else about it.

It was further shown that all that the minutes of the board disclosed in regard to such resolution was, that on June 12, 1899, "The following resolutions were adopted on motion of Supervisor Aigeltinger: . . . No. 2976, declaring the intention of the board to order the performance of certain streetwork."

What, however, is called a resolution-book, kept in the office of the clerk of the board, was introduced in evidence, and this contained, pasted therein, what purported to be "Resolution of Intention, No. 2976 (Fourth Series)," introduced by E. Aigeltinger, and adopted June 12, 1899, in due form, expressing the intention of the board to order the work done, and directing the clerk to cause the posting of the resolution and the publication thereof in The Evening Post newspaper.

The paper so pasted in the resolution-book had been cut from The Evening Post after the first publication of the resolution, and it was an exact copy of the paper produced from the files of the board.

The *prima facie* case made by plaintiff was not rebutted by this showing. There is no material difference between the facts here and those in the case of *Edwards* v. *Berlin*, 123 Cal. 544. There, as here, the minutes showed only that a resolution

of intention of a certain number, introduced by Supervisor Day, had been adopted, and the resolution-book containing the resolution was held to sufficiently supply the defect. While the method of keeping the records was criticised, the court said: "A legislative body is not required to keep its minutes in any one book. . . . No special mode of authentication seems to have been provided, and although a mere reference by number to what is assumed to be a book of resolutions kept by the board is an unsatisfactory mode of identification, we cannot say that the resolution is thereby made invalid. The assessment being put in evidence makes a *prima facie* case. To rebut it the defendant must prove affirmatively the failure on the part of the board to perform some act essential to its validity. The minutes show the requisite action on the part of the board. Some resolution corresponding in number was passed. It is a question simply of identification, and I think the *prima facie* case has not been rebutted."

By the minutes of June 12, 1899, showing the adoption of resolution of intention No. 2976, on motion of Supervisor Aigeltinger, and the resolution-book showing resolution of intention No. 2976 (fourth series), introduced by Supervisor Aigeltinger, and adopted June 12, 1899, such resolution is sufficiently identified to sustain the *prima facie* case.

The fact that the entry in the resolution-book was delayed until after the first publication, and that it was then made by pasting in a printed copy instead of writing it in longhand is not material. A similar objection is made to the order directing the work to be done, and what has been said disposes thereof.

2. It is contended that the only affidavit on file or of record in relation to posting of notices of the street-work proposed by the resolution was defective and insufficient to show a proper posting.

The resolution stated that it was the intention of the board to order the following street-work, viz.: "That granite curbs be laid on Henry Street between Sanchez and Noe streets, where not already laid, and that the roadway thereof be paved with bituminous rock, where not already so paved."

This resolution embraced only one block of about five hundred and sixty feet in length. The work designated in the resolution had already been done on said block except in front

of lot 1 on the north side of Henry Street, having a frontage of one hundred and fifty feet thereon, and lots 2, 3, 4, 5, on the south side of the street (lots 2 and 3 being separated by a lot of seventy-five feet frontage from lots 4 and 5), having a frontage of one hundred and thirty-five feet thereon.

The affidavit of posting in evidence stated that the affiant "conspicuously posted along the line of Henry Street, between Sanchez Street and Noe Street, notices not more than one hundred feet in distance apart, and six notices in all," etc.

The statute relative to such posting provides as follows: "The street superintendent shall thereupon cause to be conspicuously posted along the line of said contemplated work or improvement, at not more than one hundred feet in distance apart, but not less than three in all, . . . notices of the passage of such resolution." (Street Improvement Act; Stats. 1891, p. 196.)

It will be observed that the affidavit in terms follows the statutory provision as to posting, except that instead of stating that the notices were posted along "the line of said contemplated work or improvement," it states that they were posted along the line of Henry Street, between Sanchez and Noe streets. This, however, was the line of the contemplated work or improvement described in the resolution of intention, unless the exception, in general terms, of such work as had already been done made it otherwise.

The statute authorizes the city council to order the improvement of "the whole or any portion, either in length or width of the streets" (Stats. 1891, sec. 2, p. 196), and provides that where work is proposed the council may except from its resolution of intention and order "any of the said work already done upon the street to the official grade," and the lots and portions of lots fronting on said excepted work shall not be included in the frontage assessment for the class of work from which the exception is made. (Stats. 1891, p. 204.)

This exception may be made by language similar to that used here, viz.: "Where not already laid" and "where not already so paved." (*McDonald* v. *Conniff*, 99 Cal. 386; *Williams* v. *Bergin*, 116 Cal. 56; *Edwards* v. *Berlin*, 123 Cal. 544; *Reid* v. *Clay*, 134 Cal. 207, 212.)

Where such exceptions are so made they do not, however, change "the line of such contemplated work or improvement."

The council indicates its intention to order a specified portion of a street improved in a certain way. That portion is definitely described in its resolution of intention as here, "Henry Street, between Sanchez and Noe streets." It further says, in effect, as authorized by the statute, that where any of the proposed work has already been done at the expense of the owners fronting on parts of the specified portion of the street, it need not again be done, but the work so already done shall be accepted as a part of the improvement proposed and ordered, and the owners exempted from any frontage assessment for new work of the same character on other parts of the line designated by the resolution of intention.

The line of the contemplated work or improvement, within the meaning of the statute, is precisely the same as if no such exception of work already done had been made.

The statute, reasonably construed, requires the notices to be posted along the entire line of the contemplated work or improvement, at intervals of not more than one hundred feet. This certainly insures sufficient notice to all property-owners of any proposed improvement.

The affidavit in evidence, reasonably construed, shows that the notices were posted *along* the line of Henry Street from Sanchez Street to Noe Street, at intervals of not more than one hundred feet, and that the number of notices posted was six. The line of the contemplated work or improvement being Henry Street between Sanchez and Noe streets, this was a sufficient posting under the statute. The language of the affidavit is as definite in this respect as the language of the statute, being practically a literal copy thereof, and there was certainly nothing therein tending to rebut the *prima facie* case as to posting made by the assessment, diagram, warrant, return, and engineer's certificate.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.