[S. F. No. 3158.    Department One.—May 2, 1905.]

## SAN FRANCISCO PAVING COMPANY, Respondent, v. ANNIE EGAN et al., Appellants.

STREET IMPROVEMENT—VALIDITY OF RESOLUTION OF INTENTION—DESCRIPTION OF WORK—EXCEPTIONS—OTHER STREETS.—A resolution of intention to improve a street is not invalid because it orders a street that had been once macadamized to be paved with bituminous rock, where there is no claim that the block to be improved has been accepted by the city as a completed and fully constructed street; nor because it excepts that portion of work of the same class, already done, at the expense of owners, and affects only a minority of the frontage; nor because it excepts a portion required by law to be kept in order by a railroad company having tracks thereon; nor because it includes work of various kinds on other streets.

ID.—CERTIFICATE OF ENGINEER.—The law does not require a certificate of the city engineer under the circumstances of this case; and a certificate which shows that the engineer had examined the work described in the resolution of intention, and had found the same "practically to official line and grade," and which showed the area of the pavement, and the length of curb constructed, and that the certificate was recorded, is not objectionable.

ID.—FORECLOSURE OF ASSESSMENT—PLEADING—FINDINGS — OBJECTIONS TO BID AND CONTRACT UNTENABLE.—In an action to foreclose a street assessment, where the making of a valid bid and a valid contract were alleged and found, and there is no specification of insufficiency of the evidence to sustain the findings in these respects, objections thereto are not available upon appeal.

ID.—RETURN OF WARRANT—SIGNATURES.—The return of the warrant, signed on behalf of the contractor, by the person who had made the demand, verified by his oath, is a compliance with the law. It need not be signed by the superintendent of streets. The return is sufficient if it clearly shows that the demand for payment was publicly made upon the premises assessed, in accordance with section 10 of the Street Act.

ID.—PRIMA FACIE CASE NOT OVERCOME—APPEAL—AFFIRMED.—Where there was nothing in the evidence of the defendant to overcome the *prima facie* case, made by evidence of the assessment, diagram, warrant, return, and engineer's certificate, an order denying a new trial to the defendant will be affirmed upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellants.

J. C. Bates, for Respondent.

ANGELLOTTI, J.—This is an action to foreclose the lien of an assessment for street-improvement work. Plaintiff had judgment, and defendants appeal from an order denying their motion for a new trial.

1. It is contended by defendants that the resolution of intention to order the work done was invalid for several reasons. Assuming that all the objections made to the resolution are available to defendants on the record before us, we are of the opinion that there is no merit in any of them.

The property upon which it is sought to enforce a lien fronts on Twenty-ninth Street between Noe and Sanchez streets, in San Francisco. It is claimed that the evidence introduced by defendants shows that at the date of the resolution this portion of Twenty-ninth Street had once been macadamized, and was then in good order. It also appeared that within six months prior to such date the said block, excepting only the lot of defendants, which has a frontage of fifty-five feet, had been paved with bituminous rock, and that granite curbs had been laid thereon by the property-owners under private contract.

There is no claim that such block had ever been accepted by the city as a completed and fully constructed street. (See Street Improvement Act, sec. 20.)

Under these circumstances, the board of supervisors passed the resolution of intention. It included street work of various kinds upon other streets than Twenty-ninth Street, but so far as applicable to Twenty-ninth Street, it expressed the inten-

tion of the board as follows, viz.: "That granite curbs be laid on Twenty-ninth Street, between Sanchez and Noe streets where not already laid, and that the roadway thereof be paved with bituminous rock where not already paved, except that portion required by law to be kept in order by the railroad company having tracks thereon."

It is urged that the board had no power to order a street that had once been macadamized to be paved with bituminous rock.

We find no such limitation upon the power of the city council expressed in the law relative to street improvements. By section 2 of the act, as it existed at the date of these improvements, it was provided that "Whenever the public interest or convenience may require, the city council is hereby authorized and empowered to order the whole, or any portion, either in length or width, of the streets . . . of such city, graded or regraded to the official grade, planked or replanked, paved or repaved, macadamized or remacadamized, graveled or regraveled, . . . and to order any other work to be done which shall be necessary to complete the whole or any portion of such streets . . . and it may order any of said work to be improved." (Stats. 1891, p. 196.)

It may be that after a street has been fully constructed and accepted by the city council as a completed street, as provided in section 20 of the act (Stats. 1885, p. 160), the council has no power to further improve the same at the expense of the property-owners, but that question is not here involved and is not decided. Until such acceptance it is clear that the council has full power to determine whether work of any class designated in section 2 of the act is required upon any street, or portion of a street, by the public interest or convenience, and to order the same done in the manner provided by the act. The mere fact that work of some other class than that ordered has already been done on the street cannot affect this power. Although once macadamized, the public interest or convenience may require that a street be paved with bituminous rock. The determination by the board of supervisors that the public interest or convenience does so require is conclusive, at least in the absence of fraud.

Under the provisions of the statute (sec. 7, subds. 10, 11, Stats. 1891, p. 204), the board properly excepted from the

order work of the same class already done at the expense of the owner. The fact that such work had already been done upon a greater part of the line of the contemplated improvement, as designated in the resolution of intention, and that the resolution, therefore, in effect, affected only a minority of the frontage, is immaterial. In *McDonald* v. *Conniff*, 99 Cal. 386, a substantially similar resolution of intention and order for work for one block were under consideration, and the objection was made that the assessment was void on its face, as only a part of the lots on the line of work designated were assessed. The court said, after discussing section 2 and subdivisions 8 and 11 of section 7 of the Street Improvement Act: "It thus appears that authority is given to the city council in certain cases to order the improvement of only a portion of a street lying between two main street crossings, and that such improvement may be confined to a portion of the street upon one side of its middle line." (See, also, *Perine* v. *Erzgraber*, 102 Cal. 234, 238.) That notices of the passage of the resolution of intention could be posted in such a case in accordance with the requirements of the act is shown in *Dowling* v. *Hibernia etc. Soc.*, 143 Cal. 425, 427.

The exception of "that portion required by law to be kept in order by the railroad company having tracks thereon," did not render the resolution void. The requirement of the law as to street-railroad corporations in this regard is to be found in section 498 of the Civil Code, and is as follows, viz.: "To plank, pave, or macadamize the entire length of the street used by their track, between the rails, and for two feet on each side thereof, and between the tracks, if there be more than one, and to keep the same constantly in repair, flush with the street, and with good crossings." The exception, therefore, sufficiently described the portion of the street which was excepted from the effect of the resolution for that reason; as definitely, as did the exceptions "where not already laid" and "where not already so paved" describe the portions excepted because of work already done. (*Dowling* v. *Hibernia etc. Soc.*, 143 Cal. 425, 427; *Reid* v. *Clay*, 134 Cal. 207, 212; *Edwards* v. *Berlin*, 123 Cal. 544; *Williams* v. *Bergin*, 116 Cal. 56; *McDonald* v. *Conniff*, 99 Cal. 386.)

We think that there can be no doubt, under the provisions of our law, that the supervisors had the right to except such

portion of the street as was required by law to be kept in order by the railroad company at its own expense, and, so far as we know, was so being kept in order.

The fact that the resolution of intention included work of various kinds upon other streets, does not render it invalid. (*Bates* v. *Twist,* 138 Cal. 52.)

2. It is contended that the certificate of the engineer is void, because it does not conform to the requirements of section 34 of the Street Act (Stats. 1891, p. 206). We find nothing in the law requiring a certificate of the city engineer under the circumstances of this case. (See *O'Dea* v. *Mitchell,* 144 Cal. 374, 379; *Chase* v. *Trout, ante,* p. 350.) The certificate made did show that the engineer had examined the work described in the resolution of intention, and had found the same ''practically to official line and grade.'' It showed the area of the pavement laid and the length of curb constructed. Assuming any certificate to have been required, we cannot say this was not a sufficient certificate. It does not appear that the diagram ''on the back of the certificate'' was not recorded. If such document was a part of the certificate, it affirmatively appears that it was recorded.

3. It is contended that the bid for the work and contract were void for certain specified reasons, but these objections are not available to defendants. The making of a valid bid and the execution of a valid contract were alleged by plaintiff, and the court found that these allegations were true. The bill of exceptions contains no specification of insufficiency of evidence to sustain the findings in these respects. We have, however, considered the objections on their merits, and find nothing in them.

It is further urged that the return of the warrant was not signed by the superintendent of streets. It was signed, in behalf of the contractor, by the person who had made the demand, and was verified by his oath. This appears to have been a compliance with the law in that regard. (Street Act, sec. 10.)

4. The return very clearly shows that demand for payment was publicly made upon the premises assessed in full accord with the requirements of section 10 of the Street Act.

This disposes of all points made by defendants. There was nothing in the evidence offered by them to overcome the *prima*

*facie* case made by plaintiff by the introduction in evidence of the assessment, diagram, warrant, return, and engineer's certificate.

The order denying a new trial is affirmed.

Shaw, J., and Van Dyke, J., concurred.