[Civ. No. 238.   Second Appellate District.—July 6, 1906.]

## ENOCH PEPPER, Respondent, v. F. NEIMAN, etc., Appellant.

STREET IMPROVEMENT—CONSTRUCTION OF RESOLUTION OF INTENTION—CURBS, SIDEWALKS AND GUTTERS—SINGLE IMPROVEMENT OF ROADWAY.—An ordinance declaring the intention of the city council of Los Angeles "to improve a portion of Flower street" specified, and to order "that a cement curb be constructed along each line of the roadway of said Flower street," etc., and "that a cement sidewalk six feet in width be constructed along each side of said Flower street," etc., and "that a cement gutter be constructed along each side of Flower street," etc., is to be construed as contemplating a single improvement of part of the roadway of said street, and not two distinct lines of work.

ID.—CONSTRUCTION OF STREET IMPROVEMENT ACT—POSTING OF NOTICES—DISTANCES MEASURED LONGITUDINALLY.—Section 3 of the street improvement act, providing that notices shall be "posted along the line of said work or improvement at not more than one hundred feet in distance apart," is to be construed as requiring the distances between the notices to be measured longitudinally along the line of the improvement, wherever placed thereon, and where they are alternated on each side of the roadway, the diagonal measurements, more than one hundred feet apart, are not to be considered.

APPEAL from a judgment of the Superior Court of Los Angeles County.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Bicknell, Gibson, Trask, Dunn & Crutcher, and S. M. Haskins, for Appellant.

H. S. Rollins, and Enoch Pepper, *in pro. per.,* for Respondent.

THE COURT.—This is a suit to quiet plaintiff's title to three lots in the city of Los Angeles fronting on Flower street.  The defendant in his answer claims a lien upon each lot—upon two for the sum of $75.29 each, and upon the other for the sum of $80.61—under a street assessment for the cost of the improvement of a portion of Flower street.  The answer sets up *seriatim* all the proceedings required by the street improvement act; and in a cross-complaint repeating these allegations, the defendant seeks to foreclose his liens.

It is stipulated and found by the court that all the proceedings for the improvement of the street and assessment of the lots were regular, except the posting of the notices of the contemplated work or improvement on the ground; as to which it is stipulated and found: That the length of the portion of the street improved is four thousand five hundred and eighty-three feet, and the width of the street between curb lines fifty-six feet; that the number of notices posted was fifty-two in all; and, that they were posted alternately on the east and west sides of the street.  It appears, therefore, from the stipulation and findings that the distance between the notices, measured diagonally across the street, is something over a hundred feet, though less if measured longitudinally with the street; and on this ground the court held the assessment to be void.

The resolution of intention in the present case is entitled: "An Ordinance of the Mayor and Council of the City of Los Angeles, declaring their intention to improve a portion of Flower street, and determining that bonds shall be issued to represent the cost thereof."  In the first section it is provided: "That it is the intention of the City Council of the

City of Los Angeles to order the following work to be done, to wit:

"1st. That a cement curb be constructed along each line of the roadway of said Flower street from the southerly curb line of Sixth street to the northerly curb of Pico street (excepting along such portions of the line of said roadway upon which a cement or granite curb has already been constructed to the official line and grade), etc. 2nd. That a cement sidewalk six feet in width be constructed along each side of said Flower street, etc. 3rd. That a cement gutter be constructed along each side of said Flower street," etc.

It is contended by the appellant that the work described in the ordinance of intention is the improvement of Flower street beween the points specified, and by the respondent that there were two distinct lines of work provided for, one along each boundary of the roadway. Assuming the latter to be the case, it would follow that the distances between the notices along the line of each improvement would be much in excess of a hundred feet. But we do not think that the ordinance can be so construed. As expressed in the title, the intention was to improve a part of Flower street, and in the first section of the ordinance "the line of said roadway" is referred to. We are of the opinion, therefore, that the case is the same in this respect as was the case in *Dowling* v. *Hibernia Sav. & L. Society*, 143 Cal. 425, [77 Pac. 141], where the roadway was included in the improvement proposed.

The fact remains, however, that the distance between the notices, measured diagonally across the road, was over a hundred feet; and the question thus arises, whether this was a sufficient compliance with section 3 of the street improvement act, which provides that the notices shall be "posted along the line of said contemplated work or improvement at not more than one hundred feet in distance apart" (Stats. 1891, p. 196). The question is not without difficulty; but, on the whole, we are of the opinion that the section requires notices not more than one hundred feet longitudinally along the line of the improvement; that the entire street is the line referred to; that notices posted on either side are notices posted on the line, and if such notices are not more than one hundred feet apart, measuring the distance along the center of the improvement, the section is complied with, it matters not

upon which side of such center line the notices are actually posted; and that the diagonal measurements are not to be considered.

It is ordered that the judgment be reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1906.