[No. 4854.]

# THE CITY OF STOCKTON *v.* D. WHITMORE AND LOT 11 IN BLOCK 270.

IMPROVING STREETS IN STOCKTON.—In the city of Stockton, if the council adopt a resolution of intention to improve a street, or part of a street, it has no jurisdiction to improve only a portion of the street embraced in the resolution.

PROCEEDINGS TO DIVEST A PERSON OF HIS PROPERTY.— Proceedings by which the citizen is to be divested of his property *in invitum*, must be strictly pursued.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Action to enforce a lien on lot eleven, block two hundred and seventy, for an assessment for improving a street in the

city of Stockton.   The defendant recovered judgment and the plaintiff appealed.

The other facts are stated in the opinion.

*James A. Loutitt,* for the Appellant.

*Byers & Elliott,* for the Respondent.

By the COURT:

The action is to recover an assessment for street-work in the city of Stockton.   Section 26 of the act of March 27, 1872, to reincorporate the city of Stockton, prescribes the method by which the city council acquires jurisdiction to order such work to be done; and it is therein provided that when the council shall deem it expedient to cause any such work to be done, it shall cause a survey and estimates of the proposed work to be made, "and a time fixed for the hearing upon such propositions.   All parties in interest shall be notified of the time and place of such hearing, either by personal notice or by advertisements for ten days in some newspaper published in said city."   In this case the council proposed to improve the west half of East street from North street to South street, and the notice of their intention to do so was duly published.   At the hearing the council decided to improve only so much of the west half of East street as lies between Scott avenue and Main street, being only a portion of the work included in the resolution of intention.   It is objected that the council acquired no jurisdiction to order to be done only a portion of the work specified in the resolution, and we think the point is well taken.   The object of the notice is to inform the property owners of the particular work proposed to be done.   If it is proposed to improve a street for its whole length through several blocks, the property owners may be perfectly content to have the work done, and would have no motive to attend at the hearing.   But they might have grave objections to improving the street for only a portion of the distance.   For example, if it were proposed to grade a street for six blocks, the property owners might consider it a desirable improve-

ment; but would have serious objections to grading detached portions of it. We have repeatedly held that proceedings by which the citizen is to be divested of his property *in invitum* must be strictly pursued, and we think this case comes within the principle announced in *Dougherty* v. *Hitchcock* (35 Cal. 512).

Judgment affirmed.

Mr. Justice WALLACE concurred specially in the judgment.