96 191
97 310

96 191
f128 359
129 637
e129 638

[No. 14680.    Department Two. — September 13, 1892.]

P. McG. McBEAN, Appellant, *v.* C. R. REDICK et al., Respondents.

Assessment for Sewer — Invalid Lien — Contract not Corresponding to Resolution of Intention. — Where a contract for the construction of a sewer along a public street was let as specified in the advertisement calling for bids, but the distance to be sewered, as specified in the advertisement, was less by a whole block than the resolution of intention called for, the contract is void, and the work done thereunder, and the subsequent assessment and proceedings, create no lien upon the property benefited thereby.

Id. — Void Contract not Remedied by Appeal. — The contract being absolutely void, its invalidity could not be remedied or avoided by the trustees of the city, and the property owner is not required to appeal to the trustees of the city for its correction.

Appeal from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Ezra Crossman,* and *C. W. C. Rowell,* for Appellant.

*Paris & Fox,* and *Charles R. Gray,* for Respondents.

De Haven, J. — This is an action to recover upon an assessment for the construction of a sewer upon one of the streets of the city of San Bernardino, and for the

foreclosure of the alleged lien of such assessment upon a lot owned by defendants.

The superior court made and filed findings, and there-upon rendered judgment for the defendants. The plain-tiff appeals. There is no bill of exceptions in the record, and the only question to be considered is whether the findings support the judgment.

The foundation of plaintiff's right to maintain the action rests upon the resolution of intention passed by the board of city trustees to do the work for which the assessment sought to be foreclosed was made. In rela-tion to this, the court finds that such trustees duly adopted a resolution of intention to construct a sewer along that part of Third Street, in the city of San Ber-nardino, which lies " between the center of the intersec-tion of B with said Third Street, and the center of the intersection of I and Third streets," and that said reso-lution was duly posted and published according to law. The court further finds: " That subsequently, and in due time, and without any further resolution of intention, or other notice to the property owners along said Third Street, an advertisement calling for bids for the sewering of said Third Street under said resolution aforesaid was duly made, except that such bids were called for for the sewering of said Third Street between I and C streets, which said call was less by one whole block . . . . than the resolution of intention specified as the distance to be sewered on said Third Street," and that in due time a contract was let as specified in said advertisement, and under it the work was done which resulted in the assess-ment sought to be enforced in this action.

It is clear that upon these facts the contract for the construction of the sewer was void, and the work done thereunder, and the subsequent assessment and proceed-ings, created no lien upon the property of defendants. The precise question was before this court in the case of *Stockton* v. *Whitmore*, 50 Cal. 554, and in its decision the court said: " It is objected that the council acquired no jurisdiction to order to be done only a portion of the

work specified in the resolution, and we think the point is well taken. The object of the notice is to inform the property owners of the particular work proposed to be done. If it is proposed to improve a street for its whole length through several blocks, the property owners may be perfectly content to have the work done, and would have no motive to attend at the hearing. But they might have grave objections to improving the street for only a portion of the distance. For example, if it were proposed to grade a street for six blocks, the property owners might consider it a desirable improvement, but would have serious objections to grading detached portions of it."

The cases of *Fanning* v. *Leviston*, 93 Cal. 186, *Himmelmann* v. *Hoadley*, 44 Cal. 279, and *Boyle* v. *Hitchcock*, 66 Cal. 129, cited by appellant, are not in conflict with the case from which we have just quoted. In this case the contract was absolutely void, and in all its parts, and its invalidity could not have been remedied or avoided by the trustees of the city, and this being so, the property owner was not required to appeal to the trustees for its correction. (*Dougherty* v. *Hitchcock*, 35 Cal. 512.)

2. There is no conflict in the findings, nor can finding No. 5 be construed as a finding that the assessment under consideration was duly made, — that is, that it was based upon a valid contract, and as such, that it constitutes a valid lien upon the property of the defendants.

Judgment affirmed.

Sharpstein, J., and McFarland, J., concurred.
XCVI. Cal.—13