[No. 15344. Department One.—April 19, 1894.]

G. M. PERINE, RESPONDENT, v. CATHERINE ERZGRABER, APPELLANT.

STREET IMPROVEMENT—NOTICE OF STREET WORK—DESCRIPTION—OMISSION—REFERENCE TO RESOLUTION OF INTENTION.—Under the act of March 18, 1885, as amended by the act of March 14, 1889, the notice of street work may refer to the resolution of intention for the particulars of the work contemplated; and where the notice is precise as to the specific facts required by the statute, and accurately described the portion of the street to be improved, and contains such brief description of the work as, with reference to the resolution of intention, cannot fail to inform all parties in interest, the statute is substantially complied with, and any omission of words which may be supplied with reference to the resolution of intention will not vitiate the notice of street work.

ID.—WORK ON ONE SIDE OF STREET—VALIDITY OF ASSESSMENT.—Where the assessment and diagram showed that the work was all done on one side of the street only, and in front of the lot in controversy, the assessment on the lot on one side of the street only is authorized by the statute.

ID.—ACTION UPON ASSESSMENT—EVIDENCE—PRIMA FACIE CASE—FINDINGS.—In an action to recover a street assessment, and to foreclose a lien therefor, the introduction in evidence of the warrant, assessment,

certificate, and diagram, with the affidavit of demand and nonpayment, makes a *prima facie* case; and, if the defendant fails to impeach such *prima facie* case, the court is justified in finding all the allegations of the complaint to be true.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Horace W. Philbrook,* for Appellant.

The act should be strictly construed against the party claiming the lien, and liberally in favor of the owner of the land. (*Smith* v. *Davis,* 30 Cal. 537; *People* v. *Bogart,* 36 Cal. 245; *Hewes* v. *Reis,* 40 Cal. 263; *Shepard* v. *Colton,* 44 Cal. 629; *Donnelly* v. *Tillman,* 47 Cal. 40; *Donnelly* v. *Marks,* 47 Cal. 190; *Himmelmann* v. *Satterlee,* 49 Cal. 387; *Himmelmann* v. *Cahn,* 49 Cal. 287; *People* v. *McCain,* 50 Cal. 210; *Mahoney* v. *Braverman,* 54 Cal. 565; *Mulligan* v. *Smith,* 59 Cal. 229; *Raisch* v. *San Francisco,* 80 Cal. 5; *Brock* v. *Luning,* 89 Cal. 320; *Kreling* v. *Muller,* 86 Cal. 465–70; *Heft* v. *Payne,* 97 Cal. 108; *Libbey* v. *Ellsworth,* 97 Cal. 316; *Washburn* v. *Lyons,* 97 Cal. 314; *Shipman* v. *Forbes,* 97 Cal. 572; *Brown* v. *Jenks,* 98 Cal. 10.) As the work proposed consisted of laying curbs, laying sidewalks, and paving roadway, and the notices posted by the street superintendent failed to mention the paving of the roadway, the city council failed to acquire jurisdiction to order the work to be done, and all the proceedings were void. (Act of March 14, 1889, sec. 2; Stats. 1889, pp. 158, 159; *People* v. *McCain,* 50 Cal. 210; *Mulligan* v. *Smith,* 59 Cal. 229; *Richardson* v. *Tobin,* 45 Cal. 32; *Dehail* v. *Morford,* 95 Cal. 457; *Brady* v. *Burke,* 90 Cal. 1; *Himmelmann* v. *Cahn,* 49 Cal. 287.) It is the express mandate of the statute that the assessment be made on the lots "fronting the portions of the work so ordered," "upon the lots and lands fronting thereon." This does not authorize the assessment to be placed

on a lot on one side of the street only. (Act of March 18, 1885, as amended March 14, 1889, sec. 7, subds. 1, 8; Stats. 1889, pp. 163, 164; *Diggins* v. *Brown*, 76 Cal. 318, 322; *Gately* v. *Bateman*, 7 Pac. Coast L. J. 365.) The resolution of intention did not properly describe the work intended, and therefore all the proceedings are void. (*Himmelmann* v. *McCreery*, 51 Cal. 562; *Brady* v. *King*, 53 Cal. 44; *People* v. *Clark*, 47 Cal. 456; *Richardson* v. *Heydenfeldt*, 46 Cal. 68; *Whiting* v. *Townsend*, 57 Cal. 518, 520.)

*J. C. Bates*, for Respondent.

The kinds of work are described as required by law. (*Emery* v. *San Francisco Gas Co.*, 28 Cal. 376.)

SEARLS, C.—Action to recover a sum of money due upon a street assessment, and to foreclose the lien thereof upon a lot of land in the city and county of San Francisco.

Plaintiff had judgment, from which and from an order denying a motion for a new trial defendant appeals.

The proceedings alleged in the complaint were based upon the act of March 18, 1885 (Stats. 1885, p. 147), as amended by the act of March 14, 1889 (Stats. 1889, p. 157).

The resolution of intention passed by the board of supervisors described the work intended to be ordered as follows:

"That granite curbs be laid on Locust avenue, between Larkin and Polk streets, where not already laid; that bituminous rock sidewalks be laid thereon, where not already laid, and except where artificial stone sidewalks are now laid, and that the roadway thereof be paved with bituminous rock, where not already so paved."

The only evidence offered by defendant to impeach the *prima facie* case made by plaintiff related to the notice of the resolution of intention which was posted upon the street, and which the evidence showed was in the following words:

"NOTICE OF STREET WORK.

"Public notice is hereby given that the board of supervisors of the city and county of San Francisco passed, on the twenty-third day of March, 1891, a resolution of intention, No. 4894 (third series), providing that granite curbs be laid on Locust avenue between Larkin and Polk streets, where not already laid; that bituminous rock sidewalks be laid thereon, where not already laid, and except where artificial stone sidewalks are now laid, and that the roadway where not already so paved crossing.

"And all parties interested are referred to said resolution for further particulars.

"JAMES GILLERAN,
"By E. OWENS, Deputy."

The only objection urged to the notice as posted is that it does not sufficiently describe the work or improvement proposed.

The statute (section 2 of act of 1889) requires the notice to "state the fact of the passage of the resolution, its date, and briefly the work or improvement proposed, and refer to the resolution for further particulars."

It will be observed that the notice as posted contained a complete description of the improvement to be made, except that in describing the work to be done on the roadway the words *be paved with bituminous rock* are omitted after the word *roadway*, and before the word *where*.

The statute does not require an accurate and full description of the work to be contained in the notice.

The evident object is an identification of the work, its locality, the fact of the passage of the resolution, and its date, with a reference to the resolution for further particulars.

The statute evidently contemplates the existence of particulars in the resolution which are not contained in the notice; otherwise there would be no need of a reference to the resolution to obtain them.

In the present instance the notice was precise as to the specific facts required by the statute, accurately

described the portion of the street to be improved, and contained such brief description of the work as, with the reference to the resolution, could not fail to inform all parties in interest. This was a substantial compliance with the terms of the statute, and was sufficient.

The assessment and diagram show that the work was all done on the north side of and north of the center line of Locust avenue and in front of the lot of defendant.

The contention of appellant that the assessment was void, by reason that it was levied upon the lot on one side of the street only, is met by the statute, and by the decision upholding it, in *McDonald* v. *Conniff*, 99 Cal. 386, and need not be further noticed.

The judgment is supported by the findings.

The specifications of the insufficiency of the evidence to support the findings are evidently predicated in the main upon the theory that it devolved upon the plaintiff to prove all the separate steps taken up to and including the assessment.

In one sense this is true; but it is not true in the sense that he must introduce independent evidence as to each act in the series. When he introduced the "warrant, assessment, certificate, and diagram, with the affidavit of demand and nonpayment," he in fact introduced what the statute has made *prima facie* evidence of all the necessary acts and of his right to recover in the action.

Defendant having failed to successfully impeach this *prima facie* case, the court was justified in finding the allegations of the complaint to be true.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

HARRISON, J., PATERSON, J., GAROUTTE, J.

Hearing in Bank denied.