[L. A. No. 603.   Department Two.—September 5, 1900.]

## H. M. KUTCHIN et al., Appellants, v. JOHN ENGELBRET, Respondent.

STREET IMPROVEMENT—CONTRACT—AMOUNT OF WORK.—A contract for a street improvement calling for less work than that proposed in the resolution of intention of the common council is void.

ID.—SPECIAL PERMITS TO LOT OWNERS—RESOLUTION OF INTENTION—ASSESSMENT.—The common council has no power, intermediate the passage of a resolution of intention to order a particularly described street improvement and the passage of the resolution ordering the work, to grant special permits to individual lot owners to do such portions of the work as are adjacent to their premises; and if it does so, a contract subsequently entered into to do the work in front of the lots of owners to whom special permits had not been granted, and an assessment therefor levied on such lots alone, are void.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, for Appellants.

Haines & Ward, for Respondent.

TEMPLE, J.—This is an action to remove the cloud of a street assessment lien from the title of plaintiffs to several lots in the city of San Diego.

June 16, 1896, the common council of San Diego passed a resolution of intention to order a described portion of First

street to be "sidewalked," "excepting such portions of said First street and intersections between said points as have already been sidewalked with concrete or bituminous rock, laid to the official grade and accepted," and also to order the same described portion of the street, with the same exceptions, to be curbed.

There were forty-eight lots between the points indicated, in front of twenty-eight of which lots the work had been done prior to the resolution of intention. The work was ordered by resolution, passed December 21, 1896, in which the work to be done, and the property, were described in the same language which had been used in the resolution of intention, but intermediate the resolution of intention and the resolution ordering the work, special permits were given to owners for sidewalking and curbing, and under these the work was done on about one-half the lots, upon which the work had not been done at the time the resolution of intention was passed. So that the same words in the resolution ordering the work would include only about one-half the lots described in the resolution of intention.

The contract entered into did not include the lots in front of which special permits had been granted to owners to do the work, nor are such lots included in the assessment. All these facts are set forth in the complaint, with other matters, and it is charged that, by reason of manifest defects, the assessment is void.

The answer expressly admits that at the date of the resolution ordering the work First street had been sidewalked and curbed as alleged in the complaint in front of all the lots for which, it is alleged in the complaint, special permits had been granted, and that the contractor did no work in front of said lots, and none of them are included in the assessment, but denies, for lack of sufficient knowledge or information to form a belief, that the work specified was done after the passage of the resolution of intention. Upon this issue the finding was for plaintiffs.

Appellants contend that the resolution ordering the work is void because it does not include all the work included in the resolution of intention. It does, however, as already stated, describe the work ordered in the precise words used in the

resolution of intention, and it is not, therefore, void on its face. As to the description, each resolution must be regarded as referring to conditions existing at its date, and it is familiar law that extrinsic facts may be proven to apply descriptive language to the objects described.

Respondent, however, says that if the board had the right to permit lot owners, after the resolution of intention, to do the work in front of their respective lots, this fact will not render the assessment void. If the board had no such power, then the resolution ordering the work must be construed as including them. This would not be of ultimate service to respondent if his position were sustained; for then the contract and the assessment would be void, because they would follow neither the resolution ordering the work or the award, or, if they follow the award of the contract, it—that is, the award—is unauthorized.

Evidently the work which the council may order done is that which they proposed in the resolution of intention; and it is provided, "before passing any resolution for the construction of said improvements, plans, and specifications and careful estimates of the costs and expenses thereof shall be furnished," etc. Then notice inviting sealed proposals or bids "for doing the work ordered" must be given. When such bid is made and accepted the contract is virtually made. (*Argenti v. San Francisco*, 16 Cal. 255; *Dougherty v. Hitchcock*, 35 Cal. 512; *Chambers v. Satterlee*, 40 Cal. 526.) In preparing and executing the formal contract the superintendent of streets acts ministerially. The bid, then, is to do the work ordered, and the contract is for such work. The superintendent of streets can only enter into the formal contract already agreed upon. It seems, therefore, that all subsequent proceedings are, in a sense, dependent upon the resolution of intention. If work is ordered in excess of the resolution of intention, the latter order may be void only as to the excess, if severable. (*Gafney v. San Francisco*, 72 Cal. 146.) But if the contract is for less work than was proposed in the resolution of intention it is void. (*Dougherty v. Hitchcock, supra; Stockton v. Whitmore*, 50 Cal. 554; *McBean v. Redick*, 96 Cal. 191; *Warren v. Chandos*, 115 Cal. 382.)

Counsel for respondent argues that these authorities have no application to the present case. In *Dougherty v. Hitchcock, supra, Stockton v. Whitmore, supra,* and *McBean v. Redick, supra,* all the work called for in the resolution of intention was not done or contracted for. It is said that property owners might be content if all the improvements were made, but might feel that doing part of the work proposed would be of no benefit. Each inhabitant has the right to the use of all the streets, and might well be content to contribute to improvements which would make a good street for ten blocks, when he would not be at all benefited if the improvement extends only through the block in which his property is situated. Here, it is said, the entire work proposed was done; the only complaint is that some of the work was done by the lot owners themselves, and not by a contractor under the provisions of the law. Still in this case the entire improvement will be made. This difference removes one of the arguments by which these decisions are supported, but there are other respects in which the property owner may be injured if the contract does not include the entire work proposed.

1. All frontage is bound for expenses, including engineer's estimates, advertising, etc. If a large improvement is ordered, these may amount to a considerable sum. The lot owner might be willing that the work should be done if a hundred lots were bound to contribute equally in this expense, but might in reason object if only his lot were bound. Those who do the work in front of their lots escape the assessment altogether. If the lot owner knew that his lot would be the only one assessed, although the entire improvement would be made, he would be very likely to remonstrate. And 2. It would probably increase the cost of the work to the lot owner if only a small part of the work was finally to be done by contract. There would probably be fewer bidders for a small job, and the cost might be much increased to each lot owner. And then, as to the work done under permits, it would take away the lot owner's right to appeal to the board and contend that inferior work has been accepted by the superintendent of streets. For these reasons I am of the opinion that the present case is within the rule established by those cases.

The contention that the statute authorizes permits to be given to lot owners to do the work after the resolution of intention has been passed, and before the resolution ordering the work, rests upon the construction of subdivision 10 of section 7 of the Vrooman act, as amended in 1889. (Stats. 1889, p. 164.) That subdivision first provides that lot owners may grade in front of their lots, first getting permission to do so, "but before said council has passed its resolution of intention." Provision is then made for a credit to such lot owners whenever thereafter that street is graded under contract made in pursuance of law. It will be seen that lot owners doing grading are not excepted from the assessments, but only get a credit for the work they have done. Then follows in the same subdivision the provision here to be construed, as follows: "Whenever any owner or owners of any lots and lands fronting on any street shall have heretofore done or shall hereafter do any work (except grading) on such streets in front of any block, at his or their own expense, and the city council shall subsequently order any work to be done of the same class in front of the same block, said work so done at the expense of such owner or owners shall be excepted from the order ordering work to be done, as provided in subdivision 11 of this section of this act; provided, that the work so done at the expense of such owner or owners shall be upon the official grade and in a condition satisfactory to the street superintendent at the time said order is passed."

This does not expressly declare that lot owners may do any of this work after the resolution of intention, nor is there a provision for any permit to lot owners to do the work. If the provision in regard to permits applies to this matter, it would seem that the qualification would also attach that it must be before the resolution of intention.

The general rule upon this subject is, admittedly, that the work to be done is that described in the resolution of intention. The apparent exceptions have been stated. Ordinarily, if only a part of the work is ordered to be done the resolution is void, because the work ordered was not the work which the council notified the lot owners the council intended to have done. (*Warren v. Chandos, supra.*)

This is also authority for the proposition that in such case the lot owner has not had an opportunity to be heard upon the proposal to do the work finally contracted for, and for which he is assessed. It is not to be presumed that any such consequence was intended, and, indeed, the provision is that work so done by the owner shall be excepted from the order ordering work to be done as provided in subdivision 11. In that subdivision it is provided that different kinds of work may be included in the resolution of intention in which any work already done may be excepted, and that the lots in front of which the work has already been done shall not be included in the assessment. The exceptions must be the same in the two resolutions and in the assessment.

Under these views it is not necessary to discuss the other points raised by appellant. The facts appear in the findings, or are conceded in the pleadings, which show the invalidity of the assessment.

The judgment is, therefore, reversed, and the cause remanded with directions to the trial court to enter judgment for the plaintiffs.

Henshaw, J., and McFarland, J., concurred.