[S. F. Nos. 2160-2161-2162.   Department One.—March 20, 1902.]

## PIEDMONT PAVING COMPANY, Appellant, v. JOHN ALLMAN, Respondent.

STREET IMPROVEMENT—VOID ASSESSMENT—WORK NOT INCLUDED IN RESO-
LUTION OF INTENTION.—The city council has no jurisdiction to award a contract for additional work which was not included in the resolution of intention to improve a street, or to order such work to be done; and where the contract included such additional work at a specified price for the whole work, and the amount thereof was included in the assessment as part of the cost of the work, the entire assessment is thereby vitiated.

ID.—AMBIGUOUS CONTRACT—CHARACTER OF GUTTERS NOT SPECIFIED.—
Where both the resolution of intention and the contract for doing the work provided for "gutters four feet wide," without further describing the character of the gutters, and the contract referred to specifications contained in another ordinance, which described gutters of different materials, with different directions as to the mode of constructing each, the description is so ambiguous as to prevent fair competition among bidders.

APPEALS from judgments of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Johnson & Shaw, for Appellant.

R. M. F. Sutro, for Respondent.

HARRISON, J.—These three actions were brought to enforce a street assessment against different lots in Oakland belonging to the defendant. Judgment was rendered in favor of the defendant, and the appeals therefrom are presented upon the judgment-roll without any bill of exceptions.

The city council of Oakland passed a resolution of its intention to order that Vernon Street, between certain termini, "be graded, curbed with wood where not already done in cement, to the official line and grade, and macadamized with class 'C' macadam, gutters four feet wide; also, that culverts of class 'A' be constructed except where already done, to wit: On the west one-half of the north one-half of the crossing of Oakland Avenue." The work for which the assessment was made includes, in addition to the above, two eight-inch conduit pipes of class "A," constructed in said Oakland Avenue crossing. This additional work was also included in the resolution ordering the work, as well as in the contract entered into by the plaintiff, but as it was not included in the resolution of intention the city council had no jurisdiction to order the same or to award a contract therefor. In its proposal for doing the work the plaintiff named a specific price at which it would perform the additional work, and the contract was awarded to it at this price, and the amount thereof was included in the assessment as a portion of the cost of the work. As this portion of the work was unauthorized, the amount therefor which was included in the assessment vitiated the entire assessment.

The resolution of intention, as well as the contract for doing the work, provided for "gutters four feet wide." The contract also provided that this work should be done according to the specifications contained in Ordinance No. 1422. This ordinance is general in its character, and is evidently intended to be applicable to the different species of street improvement that may be ordered by the city council. Under section 4 of the ordinance, entitled "Gutters," provision is made for broken-rock gutters, basalt or Belgian-block gutters, and bituminous gutters, with different directions as to the mode of constructing each. The contract in the present case does not specify the character of gutters to be constructed, and is therefore so ambiguous as to prevent fair competition among bidders. (*Schwiesau* v. *Mahon*, 128 Cal. 114; *Fay* v. *Reed*, 128 Cal. 357; *Bay Rock Co.* v. *Bell*, 133 Cal. 150; *Grant* v.

*Barber,* 135 Cal. 188.) The suggestion of the appellant, that as macadam itself is nothing but broken rock it must be inferred that the gutters were to be of macadam, is refuted by the provision in the ordinance, that all broken-rock gutters are to be of trap or basalt rock, "of a size to make not more than four pieces to one square foot of surface of gutter," while the macadam which the contract calls for is to be of rock, to be broken much finer, and to be laid in a different manner from that provided for broken-rock gutters.

The judgments are affirmed.

Garoutte, J., and Van Dyke, J., concurred.