[Civ. No. 40. First Appellate District.—October 19, 1905.]

## SAN FRANCISCO PAVING COMPANY, Respondent, v. WILLIAM E. DUBOIS et al., Appellants.

STREET IMPROVEMENT—RESOLUTION OF INTENTION—EXCEPTION OF WORK "ALREADY DONE"—QUESTION OF FACT.—Under subdivision 11 of section 7 of the street improvement act, the city council is authorized to except from its resolution of intention work "already done upon the street to the official grade," and whether any portion of the work authorized by a resolution of intention containing such exception has been "already done," as well as the extent to which it has been done, is a question of fact to be determined by the superintendent of streets, subject to the right of appeal to the city council by anyone aggrieved by his determination.

ID.—ASSESSMENT AGAINST PORTION OF FRONTAGE—PERFORMANCE OF CONTRACT TO SATISFACTION OF STREET SUPERINTENDENT—OMISSION OF LOTS.—The act of the superintendent of streets in making the assessment against only a portion of the frontage on each side of the street improved was a declaration by him that the contract had been fully performed to his satisfaction, and is not open to controversy in any other tribunal than the city council. The mere omission from the assessment of one or more lots fronting on the street does not of itself render the assessment void upon its face.

ID.—STREETS TERMINATING IN STREET IMPROVED—RULE AS TO "CROSSINGS" INAPPLICABLE.—Where other streets terminate in the street improved, the assessment for the work done on one-half of the width of the street improved opposite those streets was properly made against the lands fronting on those streets respectively; and the di-

rections of the street improvement act for assessments for work done upon the "crossings" of streets are inapplicable.

ID.—SINGLE ASSESSMENT FOR WORK UNDER CONTRACT—DISTRIBUTION OF AMOUNT—FRONTAGE OF LOTS.—The assessment does not cease to be a single assessment for the work done under the contract, because the amount of the assessment opposite the terminating streets is distributed over a larger area. This does not affect or enlarge the amount to be assessed upon lots fronting on the street improved.

ID.—CERTIFICATE OF ENGINEER—SUFFICIENCY.—The statute does not specify the character of the certificate to be given by the engineer after the work is completed. He is not required to state matters to be determined by the superintendent of streets; and his certificate was sufficient where it gave the measurements of the several species of work for the cost of which an assessment is to be made upon the lands liable therefor, and states that he found that work to the official line and grade.

ID.—EVIDENCE—PRIVATE UNPERFORMED CONTRACTS—ADDITIONAL WORK —REMEDY TO BE SOUGHT ELSEWHERE.—The court properly excluded from evidence private unperformed contracts with the plaintiff, which also included additional unperformed work. The breach of such contracts can be no defense to the enforcement of an assessment under the contract awarded by the council; and any remedy for the breach of such private contracts is to be sought elsewhere.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, and Tobin & Tobin, for Appellants.

J. C. Bates, for Respondent.

HARRISON, P. J.—Action upon a street assessment in San Francisco. Judgment was rendered in favor of the plaintiff, and the defendants have appealed from an order denying a motion for a new trial.

The supervisors passed a resolution of intention "that granite curbs be laid on Sixteenth street, between Sanchez and Market streets, where not already laid and that the roadway thereof be paved with bituminous rock where not already so paved," and the work for which the assessment was made was done under a contract entered into pursuant to said resolu-

tion. The improvement of Sixteenth street under this resolution for which the assessment is made is three hundred and ten feet in extent, and the assessment therefor is made upon lands of that frontage on the southerly side of Sixteenth street and upon a frontage of eighty feet on the northerly side of the street. Opening out of Sixteenth street between Market and Sanchez streets, and extending in a southerly direction to the next main street bounding the block, are Pond street and Prosper street, each being thirty-one and one-fourth feet in width, and the assessment for the work done on Sixteenth street opposite to these streets is assessed upon lots fronting upon them. The lot involved in this action fronts upon the northerly side of Sixteenth street, and the appellants contend that the assessment is void, for the reason that it appears upon its face that it is not made against all the land which the statute requires to be assessed for the improvement.

Subdivision 11 of section 7 of the street improvement act (Stats. 1891, c. 147, p. 204) authorizes the city council to except from its resolution of intention "any of said work already done upon the street to the official grade." (See, also, *Williams* v. *Bergin,* 116 Cal. 56, [47 Pac. 877].) Subdivision 8 of the section declares that when any work is done upon either or both sides of the center line of any street for one block or less, and further work of the same class already done is ordered to be done to complete the unimproved portion of said street, the assessment to cover the total expenses of said work so ordered shall be made only upon the lands fronting the portions of the work so ordered. Subdivision 7 of the same section declares: "Where a subdivision street terminates in another street the expense of the work done on one-half of the width of the subdivision street opposite the termination shall be assessed upon the lands fronting on such subdivision street so terminating." Under these provisions the assessment for the work done upon the southerly half of Sixteenth street opposite to Pond street and Prosper street was properly made against the lands fronting on these streets, respectively.

.Whether any portion of the work authorized under the resolution of intention had been "already done," as well as the extent to which it had been done, was a question of fact, to be determined by the superintendent of streets, subject to the right of appeal to the city council on the part of anyone

aggrieved by his determination.   His act in making the assessment, though made against only a portion of the frontage on each side of Sixteenth street, was a declaration by him that the contract had been fully performed to his satisfaction, and is not open to controversy in any other tribunal.   The mere omission from the assessment of one or more lots fronting upon the street does not of itself render the assessment void upon its face.   (*Buckman* v. *Landers,* 111 Cal. 347, [43 Pac. 1125].)   As Pond street and Prosper street terminate at the southerly line on Sixteenth street, the directions in section 7 of the street improvement act for assessments for work done upon the ''crossings'' of streets are inapplicable.

The assessment does not cease to be a single assessment for the work done under the contract, notwithstanding these provisions of the act which require the superintendent to assess portions of the cost of the work done upon Sixteenth street upon districts embracing lands which do not front upon that street.   The amount which, but for the intersecting streets, would be assessed upon that frontage of Sixteenth street is distributed over a larger area, but does not affect or enlarge the amount to be assessed against the lot described in the complaint or any of the lots fronting upon Sixteenth street.

The objection that the demand made upon the lot was for a greater sum than the defendants' share of the assessment for the work on Sixteenth street, or that it was increased by including therein a demand for work done at the intersections of Pond street and Prosper street, is not sustained by the record.

The appellants further object to the sufficiency of the engineer's certificate, on the ground that it does not state that the engineer or anyone measured or surveyed the work, or had estimated the cost and expenses of the work, or that the work had been done according to the contract, plan and specifications, or that it had been completed.   The statute does not specify the character of the certificate which the engineer is to make (*Gray* v. *Lucas,* 115 Cal. 430, [47 Pac. 354]), but it makes it the duty of the superintendent of streets to determine whether the contractor has fulfilled his contract.   The city council may require the engineer to make an estimate of the cost and expenses of the work before passing any resolution for an improvement, but the engineer is not required to state

these items in the certificate which he gives after the work is completed. The cost of the work to be included in the assessment is determined by the superintendent from the terms of the contract, aided, when necessary, by the certificate of the engineer. The certificate which was offered in evidence gives the measurements of the several species of work for whose cost an assessment is to be made upon the lands liable therefor, and states that the engineer found the work to the official line and grade. No objection was offered to the sufficiency of the certificate when it was offered in evidence, and on its face it complies with all the requirements of the statute.

The court did not err in excluding from evidence certain private contracts which the defendants had entered into with the plaintiff in May, 1897. The defendants could not oust the city council of jurisdiction to order the improvement of the street by entering into contracts of this nature, or prevent the contractor to whom a contract might be awarded by the council from enforcing an assessment for work done under such contract. If the defendants herein have sustained damage by reason of any act or omission on the part of the parties with whom they entered into the contract, their remedy must be sought elsewhere. Such damage cannot be made a defense to an act for the enforcement of the assessment. It may be added, as another reason for the inadmissibility of the contracts, that they were not for the same work as the contract under which the assessment was made, but included additional work which had never been performed.

The order appealed from is affirmed.

Cooper, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on December 18, 1905.