[Civ. No. 2373. Third Appellate District.—November 30, 1921.]

FRANK E. POWERS et al., Appellants, v. H. H. HOLMES, as Tax Collector, etc., et al., Respondents.

[1] STREET LAW—IMPROVEMENT ACT OF 1911—RESOLUTION OF INTENTION—CERTAINTY AS TO WORK—EFFECT OF EXCEPTION.—A resolution of intention to make a street improvement under the Improvement Act of 1911 is not insufficient to confer jurisdiction to order the work done, on the theory that it is uncertain as to the work to be done or that to be excepted, because, after describing the proposed work, it excepts therefrom any part thereof already done to official line and grade "and satisfactory to the superintendent of streets."

APPEAL from a judgment of the Superior Court of Solano County. W. T. O'Donnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank E. Powers for Appellants.

Heller, Ehrman, White & McAuliffe, Kirkbride & Gordon and Harry A. Gee for Respondents.

FINCH, P. J.—The plaintiffs sued to enjoin the sale of certain lots to satisfy an assessment for street work under the Improvement Act of 1911 [Stats. 1911, p. 730] and for the cancellation of bonds based thereon issued under the Improvement Bond Act of 1915 [Stats. 1915, p. 1464]. The defendants' demurrer to the complaint was sustained and judgment was thereupon rendered in favor of defendants.

The only point involved is whether the resolution of intention to make the street improvement was sufficient to confer jurisdiction to order the work done. The attack is upon that part of the resolution which, after describing the proposed work, continues as follows: "excepting from said work and improvement any part thereof already done to official line and grade *and satisfactory to the Superintendent of Streets of said City of Vallejo.*" It is argued that, by reason of the italicized part of the exception quoted, the resolution "does not describe with certainty the work to be done thereunder" and delegates to the street superintendent the determination of "the extent of the work to be done." The statute provides, in section 3, that "the city council may include in one proceeding, under one resolution of intention and in one contract, any of the different kinds of work mentioned in this act and any number of streets and rights of way or portions thereof contiguous or otherwise, and it may except therefrom any of said work already done upon a street to the official grade." Subdivision 9 of section 20 provides: "Whenever any owner or owners of any lots and lands fronting on any street shall have heretofore done, or shall hereafter do any work (except grading) on such street, in front of any block, at his or their own expense, and the city council shall subsequently order any work to be done of the same class in front of the same block, said work so done at the expense of such owner or owners shall be excepted from the order ordering work to be done, provided, that the work so done at the expense of such owner or owners, shall be upon the official grade, *and in condition satisfactory to the street superintendent at the time said order is passed.*" The statute

itself is a part of the notice (*Emery* v. *San Francisco Gas Có.,* 28 Cal. 377), and it is not perceived in what manner the inclusion in the resolution of intention of the statutory provision, which is a part of the resolution without such inclusion, can render the description of the work uncertain or constitute a delegation of authority to the street superintendent.

[1] The resolution is not uncertain as to the work to be done or that to be excepted. Before any work can be excepted it must, of course, be of the same character as that proposed (*Barber Asphalt Paving Co.* v. *Crist,* 21 Cal. App. 3 [130 Pac. 435]), and must be "done to official line and grade." The resolution evinces no intention of authorizing the street superintendent to exercise any discretion or to permit the exception of any work not measuring up to the express standard fixed by the council. "Whether any portion of the work authorized under the resolution of intention had been 'already done,' as well as the extent to which it had been done, was a question of fact, to be determined by the superintendent of streets, subject to the right of appeal to the city council on the part of anyone aggrieved by his determination." (*San Francisco Paving Co.* v. *Dubois,* 2 Cal. App. 44 [83 Pac. 73]. See, also, *McDonald* v. *Conniff,* 99 Cal. 389 [34 Pac. 71]; *Perine* v. *Erzgraber,* 102 Cal. 237 [36 Pac. 585]; *San Francisco Paving Co.* v. *Egan,* 146 Cal. 638 [80 Pac. 1076].) In *Reid* v. *Clay,* 134 Cal. 212 [66 Pac. 264], the improvement was described as being "for laying granite curbs . . . *where not already laid,* and that the roadway . . . be paved with bituminous rock, *where not already so paved.*" The court said: "It is claimed that this was a delegation of power to the street superintendent or contractor to determine the character and amount of the work to be done. . . . But here nothing is left to the discretion of the superintendent. The parts of the street to be excepted are definitely described by reference to unmistakable marks on the ground. Accordingly, precisely similar assessments have been repeatedly sustained by this court." In *Williams* v. *Bergin,* 116 Cal. 59 [47 Pac. 87], where a similar description was under consideration, the court said: "Whether granite curbs had been laid on any part of the street, or any part of the roadway had been paved with' basalt blocks, as well as the extent thereof, was

capable of exact ascertainment, and did not depend on the arbitrament or discretion of the superintendent of streets. If the assessment should include any expense for paving, or for curbs that were laid at the date of the order, it could be corrected on an appeal therefrom." The resolution of intention does not designate the street superintendent as arbiter in the determination of what work had been done in accordance with the proposed improvement, but, under the provisions of section 26 of the statute, his decision is subject to review by the city council. Neither is vested with any discretion in determining the character of the work already done, but their sole function is to ascertain as a fact the extent and character of such work.

Respondents urge that since there is no allegation by plaintiffs that "work had already been done in front of their property . . . the notice was as complete to them as it would have been without the reference to the street superintendent," and that, therefore, they are in no position to complain. In view of the conclusion reached on the main question in dispute it is not necessary to consider this contention. In the oral argument, counsel for appellants' said: "If the city counsel acquired original jurisdiction to order this work, then I am out, because any defect in the proceedings after original jurisdiction was acquired, whether through illegal enactments made by the legislature or through the omission of proceedings—statutory proceedings—have been cured through the issuance of the bonds." Having reached the conclusion that the city council acquired such jurisdiction, the case must be decided against appellants.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 30, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1922.

All the Justices concurred.