[Civ. No. 3793.   Second Appellate District, Division Two.—April 3, 1922.]

## SOUTHWEST PAVING COMPANY (a Corporation), Respondent, v. L. M. WILSON, as Street Superintendent, etc., Appellant.

[1] STREET LAW—RESOLUTION OF INTENTION—JURISDICTION.—A proceeding for street improvement under the act of 1911 depends for its jurisdictional foundation upon the resolution of intention.

[2] ID.—DESCRIPTION OF WORK—VARIANCE—EFFECT OF AMBIGUITY.— While an immaterial difference between the work provided to be done by the resolution of intention and that described in the plans and specifications will not render the proceedings void, but the clear provision of the resolution of intention will govern, this rule does not apply where the resolution of intention is ambiguous and contains contradictory provisions.

[3] ID.—INCONSISTENT DESCRIPTIONS—VOID PROCEEDINGS.—Where the resolution of intention describes the work to be done clearly and without ambiguity and the plans and specifications, which are referred to in the resolution of intention and expressly made a part thereof, clearly and without ambiguity sets forth a description of the work at variance with the description contained in the resolution of intention, an ambiguity is created which renders the proceedings void.

[4] ID.—UNCERTAINTY—EXTRINSIC EVIDENCE.—The court will not use extrinsic aids or other intents to avoid the effect of uncertainty in such a proceeding.

APPEAL from a judgment of the Superior Court of Ventura County.   G. R. Freeman, Judge.   Reversed.

The facts are stated in the opinion of the court.

H. F. Orr and Drapeau, Orr & Gardner for Appellant.

Arthur M. Ellis for Respondent.

CRAIG, J.—In this appeal the facts are not in dispute. In so far as it is necessary to state them they are as follows:

The defendant is the street superintendent of the city of San Buenaventura.   A proceeding under the Improvement Act of 1911 [Stats. 1911, p. 730] was instituted and a resolution of intention to improve certain streets within that city

was duly passed and published and notice of its adoption posted according to law. Bids were received and the petitioner was the lowest bidder. Thereafter and in due time the petitioner duly signed and executed a contract "to do and perform all of the work described in said resolution of intention," etc. The defendant declined to sign this contract and also refused to approve the petitioner's bond for the faithful performance of the work. The reason assigned for such refusals is the existence of certain alleged defects and irregularities in the proceeding. It is agreed that the petition correctly and completely sets forth the objections of the defendant. They are seven in number.

The first one which we will consider is in substance that the resolution of intention calls for the paving of Fir and Chestnut Streets up to the north line of Front Street. It is expressly provided in the resolution of intention that the plans and specifications are made a part thereof, and special reference is therein made to plan No. 308. But according to plan No. 308 the streets above mentioned were to be paved for a distance of about eight feet south of Front Street. **[1]** A proceeding for street improvement under the act of 1911 depends for its jurisdictional foundation upon the resolution of intention. (*Fay* v. *Reed,* 128 Cal. 357 [60 Pac. 927].) **[2]** It is true that where an immaterial difference exists between the work provided to be done by the resolution of intention and that described in the plans and specifications the proceeding will not be rendered void, but the clear provision of the resolution of intention will govern. (*Wentland* v. *Clark & Henery Const. Co.,* 37 Cal. App. 34 [173 Pac. 480].) This rule, however, does not apply to a case where the resolution of intention is ambiguous and contains contradictory provisions. (*Piedmont Paving Co.* v. *Allman,* 136 Cal. 88 [68 Pac. 493].) **[3]** The case at bar may be differentiated from each of those cited from this jurisdiction in that here the resolution of intention does describe the work to be done clearly and without ambiguity, but the plans and specifications call for additional work, and it is argued by appellant that an uncertainty and ambiguity results which renders the entire proceeding void. The resolution of intention describes the work to be done as follows: "All the roadway of Chestnut Street from the north line of Front Street to a line drawn across

said Chestnut Street two hundred fifty (250) feet south from and parallel with the south line of Poli Street; all the roadway of Fir Street from the north line of Front Street to the south line of East Main Street." If, in the resolution itself, there were contained a further and separate provision to the effect that the work of paving was to begin, not "from the north line of Front Street," but "from a line parallel to and eight feet southerly of said north line of Front Street," no doubt could exist that the entire resolution of intention would be void for uncertainty. There would, in that event, be two inconsistent descriptions of the part of Chestnut Street which is to be graded and paved. But these contradictory descriptions do occur. The first is in the resolution of intention proper and the second is in the plans and specifications. If, then, the plans and specifications are to be regarded as a part of the resolution of intention the uncertainty must invalidate the proceeding, at least as to this particular work. In order that the proceeding may be upheld it must be determined that the plans and specifications are not strictly a part of the resolution of intention. To begin with, the resolution of intention before us expressly declares that "Said plans and specifications are hereby referred to for a more particular description of said work and made a part hereof." In view of this plain provision no doubt can be entertained as to the purpose of the legislative authority which passed the resolution of intention, and that intent must be controlling unless there is some inhibition in the law against making the plans and specifications a part of the resolution of intention.

Our own decisions have not directly passed upon this question, but the situation presented by *City of Stockton* v. *Whitmore*, 50 Cal. 554, is quite analogous to that in the case at bar. In that case the council proposed to do only a part of the work described in the resolution of intention. Quoting from the opinion, it is said: "If it is proposed to improve a street for its whole length through several blocks, the property owners may be perfectly content to have the work done, and would have no motive to attend at the hearing. But they might have grave objections to improving the street for only a portion of the distance." To be sure, this was not a case where the discrepancy was between the resolution of intention and plans and specifications, but the

same consideration which led the court to hold that the work called for by the resolution of intention could not be altered by the council at the hearing applies to the situation here involved.    The property owners might be perfectly willing to agree that the precise work called for in the resolution of intention should be done, but might object seriously to any additional work or to only a portion of the work being undertaken.    If a variance exists they are not informed and cannot know whether to consent or to use the right to object which is safeguarded by the law.    In *Wentland* v. *Clark & Henery Const. Co.,* 37 Cal. App. 34 [173 Pac. 480] the variance was alleged to be between the resolution of intention and the plans and specifications on the one hand and the record of the assessment on the other.    The record of assessment showed the frontage of the property of the plaintiff Wentland to be less than that indicated by the plan.    The opinion states that ''The jurisdiction to do the work had its origin in the passage and publication and posting of the resolution of intention''; that the resolution of intention provided that the work was to be done in accordance with the plans and specifications ''to which said plans and specifications reference is hereby made for description of said work and further particulars''; that the plans and specifications described the work to be done the same as the resolution of intention; that the ''plans attached to the specifications were made a part thereof''; that ''the specifications did not call for the improvement of a certain number of feet in front of each lot fronting on Pine Street or for any specified number of feet''; that the court could see no reason ''why plaintiff Phillips should escape payment because of the variance between the statement of an immaterial fact in the specifications and in the final certificate of the engineer of the actual length of the improved line of the street and the actual part of that line which was in front of the Phillips lot.''    By inference, at least, it is clear that the court held the plans and specifications to be a part of the resolution of intention.    *Chase* v. *Trout,* 146 Cal. 350 [80 Pac. 81], goes a step further.    The resolution of intention there under consideration merely provided that the work should be done ''in accordance with the specifications'' and ''in accordance with the plans and profiles.''    The court there said: ''We hold that a resolution of intention suffi-

ciently describes the work if it states the kind of work to
be done, as stated in the statute, and refers to plans and
specifications on file in the office of the city clerk or engineer,
which give the details as to the materials to be used, and
that the matters referred to need not be published.'' The
effect of that decision is to establish the rule that, although
the plans and specifications are not such an integral part
of the resolution of intention as to require that they be
published, nevertheless, when reference is made to them by
the resolution of intention they are a part thereof, for
''The purpose to be served by the publication of the resolu-
tion is, in the first place, to inform interested persons of
the general character of the improvement proposed, and,
in the second place, to make a specific declaration of the
particular kind of improvement, as a basis of future action.''
The statute requires that the resolution of intention ''shall
describe'' the work to be done. In the instant case the
resolution of intention expressly states that the plans and
specifications are to be looked to for ''a more particular
description of said work''; that they are ''made a part
hereof.''

We hold that such a particular description in the plans
and specifications which is at variance with the general de-
scription of the resolution of intention creates an ambiguity
which renders the proceeding void.

It is obvious that the property owners have no certain
basis upon which to reply. If the street superintendent were
to sign the contract executed by the petitioner it would be
impossible to tell at what point the paving of the streets
in question should begin. Persons desiring to bid have no
definite starting point from which to reckon. In order that
there may be fair competitive bidding the bids must be for
the construction of the same work not only as to character
but as to extent as well. The rules requiring certainty and
definiteness in contracts generally in order that there may
be a meeting of the minds of the contracting parties have
the same application to agreements of this character as in
others. This is a proceeding by which the citizen is divested
of his property *in invitum.* It must be strictly pursued.
(*City of Stockton* v. *Whitmore,* 50 Cal. 554.) [4] The
court will not use extrinsic aids or other intents to avoid the
effect of uncertainty in such a proceeding. (*Bay Rock Co.* v.

*Bell,* 133 Cal. 150 [65 Pac. 299], and *Labs* v. *Cooper,* 107 Cal. 656 [40 Pac. 1042].)

Another conflict occurs between the resolution of intention and the plans and specifications. The resolution of intention calls for gutters thirty-six inches in width to be constructed along both sides of the streets named. The cross-section of plan No. 308 to which reference is made in the resolution of intention states that the gutters are eighteen inches in width. Thus there is created a positive conflict between the resolution of intention and the plans and specifications resulting in an uncertainty which must render the proceeding void.

Holding these views, it is unnecessary to pass upon other points raised by the appellant concerning which it is urged that the proceeding is irregular.

The judgment appealed from is reversed.

Finlayson, P. J., and Works, J., concurred.