[Civ. No. 3430. Third Appellate District.—August 31, 1928.]

HENRY D. HANSEN, Appellant, v. THE CITY OF SANTA ROSA (a Municipal Corporation), Respondent.

C. W. Anderson and F. W. McConnell for Appellant.

J. P. Berry for Respondent.

HUGHES, J., *pro tem.*—This is an action to quiet title against a street assessment levied by the defendant. Judgment for defendant, and plaintiff appeals.

Appellant's land is situated on Beaver Street in the .City of Santa Rosa. The street improvement to be made was on Beaver Street, from the northerly property line of Howard Street to the southerly property line of Spencer Avenue. On August 21, 1923, respondent passed its resolution ordering the preparation of plans and specifications for the improvement of Beaver Street. Pursuant thereto, specifications and a plan in detail of the work to be done were prepared. The specifications provided that the work to be done was the same as shown on the plan. On September 4, 1923, respondent passed its resolution adopting said plans and specifications, and on September 18, 1923, said respondent passed its resolution of intention. Notices of improvement, incorporating the resolution of intention, were posted, and on October 23, 1923, the respondent passed resolution No. 612, ordering the work described in the resolution, directing the clerk to post notice of said work, directing said clerk to publish a notice inviting sealed proposals or bids, and directing that such bids be delivered to the clerk on or before 8 P. M. on the sixth day of No-

vember, 1923. The clerk published said notice inviting sealed proposals, and on the sixth day of November, 1923, the city council of respondent opened and examined said proposals or bids for doing said work. Only one was received, and that was rejected, because it was not accompanied by a check for ten per cent of the amount of the bid, as required by the notice. Thereupon, on the sixth day of November, 1923, said council passed resolution No. 625, whereby said council rejected all proposals or bids, and further resolved, "That the public interest and convenience require the work hereinabove described, and the council of the City of Santa Rosa hereby orders that the work and improvement hereinabove described be done and performed in the name of and by the City of Santa Rosa, pursuant to the provisions of ordinance No. 395 of the said City of Santa Rosa."

Ordinance No. 395 was passed and adopted by the city council of the City of Santa Rosa on September 4, 1923, and was thereafter duly published. After the adoption of said resolution No. 625, the respondent city paved Beaver Street from the southerly property line of Mason Street to the southerly property line of Spencer Avenue. Upon said work being done, the assessment was levied.

While the resolution of intention called for the improvement of two blocks on Beaver Street, as a matter of fact only one block was improved; respondent city contending that the other block had already been improved in all respects under the requirements of said resolution of intention and plans and specifications.

. Appellant contends that the judgment should be reversed for the following reasons:

1. Respondent never acquired jurisdiction to do the work actually done, because the work which was done was less in extent by one full block, and hence substantially different than the improvement described in the plans and specifications, resolution of intention and notice inviting sealed proposals or bids.

2. Respondent never acquired jurisdiction to do the work under Ordinance No. 395, because the city council failed to comply with the provisions of section 2 of said ordinance, in the following particulars, to wit:

a. It failed to follow the provisions of the general laws of the state of California in conducting the proceedings up to and including the posting and publication of the notice inviting sealed proposals or bids, as therein provided; and

. b. Upon rejection of bids, and prior to the doing of the work, it failed to adopt a resolution, "that in its opinion the work in question may be more satisfactorily performed by day labor, or the material or supplies purchased at a lower price in the open market."

■ It is unquestionably the rule that in all street proceedings under any street improvement act of this state, it is by resolution of intention that jurisdiction is acquired and only then to make such improvements as are described therein, and that other work not described therein cannot be lawfully performed. (*Kutchin* v. *Engelbret,* 129 Cal. 635 [62 Pac. 214]; *Partridge* v. *Lucas,* 99 Cal. 519 [33 Pac. 1082]; *Piedmont Paving Co.* v. *Allman,* 136 Cal. 88 [68 Pac. 493]; *Stockton* v. *Whitmore,* 50 Cal. 554.)

The resolution of intention is as follows:

. "Resolved, That it is the intention of the Council of the City of Santa Rosa, to order the following work to be done and improvement to be made in said city, to-wit:

"That the portion of Beaver Street from the northerly property line of Howard Street continuously to the southerly property line of Spencer Avenue be improved as follows, to-wit: By grading where necessary, by excavating or filling to the official or established grade, and by paving same with six (6) inches of waterbound macadam, and by constructing concrete curb and gutter combined on each side of street where not now constructed, and where and as specified in the said plan of said work, excepting, however, from all of the above described work, such portions as are now constructed to the official line and grade. All the aforesaid work and improvement is to be done in accordance with the plans and specifications made therefor by the City Engineer of said City of Santa Rosa, and adopted by Resolution No. 598, adopting plans and specifications, passed and adopted by the Council on the 4th day of September, 1923, which plans and specifications are now on file in the office of the City Clerk of the said City of Santa Rosa, and are hereby referred to and made a part hereof.

"And it is further resolved that where concrete curb and gutters combine has already been constructed on the street hereinabove described, and where such curb and gutter does not conform to the official grade heretofore established, and is shown on the plan for said work as concrete curb and gutter to be removed, same shall be removed and replaced on proper grade at the expense of the City of Santa Rosa; and said Council hereby orders that the cost of such removal and replacement of concrete curb and gutter be paid out of the treasury of said city and the Superintendent of Streets in making up the assessment herein provided for the cost and expense of said work, shall first deduct from the whole cost and expense such part thereof as is hereby ordered to be paid out of the municipal treasury as aforesaid. . . . All the above proposed work shall be done in pursuance of Ordinance 395, entitled: 'An Ordinance to provide for work to be done in the City of Santa Rosa upon streets, avenues, lanes, alleys, courts, places and sidewalks within said city, when bids therefor are rejected by the City Council, and providing for the appor-tionment, assessment and collection of the cost of such work.' "

The improvements referred to and described cover two blocks; but it will be observed that there is excepted "from all of the above described work such portions as are now constructed to the official line and grade." A like exception is set out in the resolution ordering the plans, adopting the same, ordering the work and inviting sealed proposals. Such exceptions can be lawfully made. The statutes themselves provide for them. (Street Improvement Act of 1911, sec. 3, Stats. 1911, p. 730.)

Likewise, similar provisions are to be found in the Vrooman Act. (Stats. 1885, p. 147, sec. 7, subd. 13.)

The resolution is not uncertain as to the work to be done or that to be excepted. Before any work can be excepted it must, of course, be of the same character as that proposed, and must be "done to the official line and grade"; and such are the facts of this case. (*Barber Asphalt Paving Co.* v. *Crist*, 21 Cal. App. 1 [130 Pac. 435].)

Assessments for street improvements in which the work has been similarly described have been often sustained by the courts. (*McDonald* v. *Conniff*, 99 Cal. 386 [34 Pac.

71]; *Perine* v. *Erzgraber,* 102 Cal. 234 [36 Pac. 585]; *Williams* v. *Bergin,* 116 Cal. 56 [47 Pac. 877]; *Powers* v. *Holmes,* 55 Cal. App. 454 [203 Pac. 1023].)

We therefore conclude that there is no variance between the work done and that described in the plans and specifications, resolution of intention, and notice inviting sealed proposals or bids.

We will next consider appellant's contention that respondent never acquired jurisdiction to do the work under Ordinance No. 395, because the city council failed to comply with the provisions of section 2 of said ordinance.

Section 2 of said ordinance, in so far as it is pertinent to the subject under investigation, reads as follows:

"All proceedings for the doing of any of the work hereinabove specified in Section 1 of this ordinance, up to and including the posting and publication of the notice inviting sealed proposals or bids for doing such work, shall be done under and pursuant to the provisions of the general laws of the State of California. . . . The City Council may reject any and all bids presented for the doing of said work, and, after rejecting bids, may declare and determine, by a four-fifths vote of all of its members that, in its opinion, the work in question may be more satisfactorily performed by day labor or the materials or supplies purchased at a lower price in the open market, and after the adoption of a resolution to this effect, the Council shall have the right and jurisdiction to have such work done and performed in the name of and by the City, and to pay therefor out of the proper funds of the City, and the City shall have a lien upon all property fronting upon said street or streets, sidewalk or alleys where the said work shall be done, and the same shall be apportioned and assessed as hereinafter provided."

After the rejection of bids, the board passed its resolution No. 625, which, in so far as it is applicable, provides as follows:

"And it is further resolved that the public interest and convenience require the work hereinabove described, and the Council of the City of Santa Rosa hereby orders that the work and improvements herein described be done and performed in the name of and by the City of Santa Rosa,

pursuant to the provisions of Ordinance No. 395 of said City of Santa Rosa.''

This was done by four-fifths vote, but exception is taken to the wording of the resolution, because it does not embrace the language used in section 2 of Ordinance No. 395.

It is true that the language is not identical. In the ordinance it is expressed as follows: ''That in its opinion the work in question may be more satisfactorily performed by day labor or the materials or supplies purchased at a lower price in the open market and after the adoption of a resolution to this effect.''

The ordinance does not provide that such a resolution shall recite the exact language used, but it is sufficient if the resolution is to the effect of the things stated in the ordinance.

The resolution states, ''That the public interest and convenience require the work hereinabove described be done by day labor,'' and this, to our minds is, in substance and effect, the very thing required by the ordinance itself. Any other view, it seems to us, would be hypercritical.

In addition, the resolution is strengthened by reference to Ordinance No. 395, in that it provides that the work shall be done pursuant to its provisions. The language so used in the resolution, together with its reference to the ordinance, is sufficient.

It seems that there has been a compliance with all the statutory requirements.

The judgment is affirmed.

Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 29, 1928, and the following opinion then rendered thereon:

THE COURT.— Appellant in his petition for a rehearing complains that in the decision filed in this case (*ante*, p. 728 [270 Pac. 268]) the court failed to consider the rule as announced in the case of *Southwest Paving Co.* v. *Wilson*, 57 Cal. App. 251–255 [206 Pac. 776, 778], as follows: ''That a particular description in the plans and specifications, which is at variance with the general description of the resolution of intention, creates an ambiguity which renders the proceedings void.''

Due consideration was given to this contention, although the point was not elaborated in the opinion filed. The resolution of intention, while providing for the improvement of two blocks therein described, also by its terms excepted work already done to official line and grade. It also provided, ''That all of the work and improvement was to be done in accordance with the plans and specifications made therefor, which plans are hereby referred to and made a part hereof.''

It is true that the plans and specifications did not follow the exact language of the resolution. Nevertheless, they do set out an estimate of the work to be done thereunder, which estimate is as follows: ''Concrete curb and gutter, 550 lin. feet. Grading, 385 cubic yards; macadam, 200 cubic yards.''

The city engineer testified that such estimate shows on its face that there was contemplated to be but one block of street improvement; that it specifically stated the number of lineal feet of curbing and gutter, the amount of excavation, and a certain amount of cubic yards of macadam, and that any contractor would use these figures as a check of the amount of the work to be done under the contract.

It is, therefore, patent and subject to mathematical demonstration that the work contemplated by the plans and specifications, and as stated in the engineer's estimate thereof, was much less than *two* blocks, as contended by appellant. There can be no question but that the resolution of intention, as well as the plans and specifications, contemplated the exception of work already done to official line and grade. A reasonable construction placed upon the plans and specifications makes them harmonize with the resolution of intention and takes the case out of the rule laid down in *Southwest Paving Co.* v. *Wilson, supra.*

■ Appellant states, as second ground for rehearing, that the court neglected to pass upon his contention that the city council failed to comply with the provisions of section 2 of Ordinance No. 395, in so far as ''It failed to follow the provisions of the general law of the State of California, in taking the proceedings up to and including the posting and publication of the notice inviting sealed proposals or bids as therein provided.''

The contention is that the respondent did, from the outset of these proceedings, contemplate that the work was to be done by the city; that they announced in the resolution of intention and notice calling for the bids, "That all the work shall be done in pursuance of Ordinance Numbered 395." It is claimed that because of this expression used in the resolution of intention, open and competitive bidding for the doing of the work was defeated, and that no contractor would bid on the job because the resolution of intention stated that the city intended to do the work by day labor under said ordinance. There was, however, a bid submitted for the doing of said work, but which was rejected, because the same was not accompanied by a certified check as required by the resolution of intention.

A complete answer to this contention is to be found in Ordinance No. 395 itself. Section 3 of the city charter of Santa Rosa (Stats. 1923, p. 1298) provides: "All public improvements, including the improvement, widening or opening of streets or highways, may be done under and in pursuance of the general laws of the state, or procedural ordinances adopted by the Council or the electors, and the whole or any portion of the cost thereof paid out of the City Treasury or assessed on the property benefited."

Ordinance No. 395 is a procedural ordinance, and by its terms it not only gives the city the right, under certain conditions, to reject bids and do the work, but it provides for certain procedural acts which operate upon successful bidders or contractors who are making public improvements covered by said ordinance. It is just as reasonable to assume that the reference to Ordinance No. 395 in the resolution of intention was for the purpose of notifying the bidders of its procedural provisions, as it is to say that the city at all times contemplated to reject any and all bids and to do the work by day labor.

We find no merit in this contention of appellant.

Appellant's last contention in his petition for a rehearing is that this court was in error in stating that the clause excepting "From all of the above described work such portions as are now constructed to the official line and grade" was set out in the resolution ordering the plans and the resolution adopting the plans.

It is true that, in this respect, the decision was in error, and that each of said resolutions did not make such an exception; but its mistake in this respect we deem immaterial. It is by the resolution of intention that jurisdiction is acquired (see authorities cited in opinion on file), and the discrepancies in the resolution ordering the plans and the resolution adopting the plans does not make void the proceedings. The resolution calling for bids, however, did have the identical exception as noted in the resolution of intention.

In determining the work to be done under the resolution of intention extrinsic aid is not required to clear up any uncertainty in such proceeding. The work excepted which constitutes an improvement on the street in question is a monument itself on the ground, easily identified by inspection and clearly referred to in the resolution of intention. (*San Francisco Paving Co.* v. *Dubois*, 2 Cal. App. 42 [83 Pac. 72]; *Williams* v. *Bergin*, 116 Cal. 56 [47 Pac. 877].)

The petition for a rehearing is denied.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 29, 1928.

All the Justices present concurred.