(136 So. 271)

### FINCH v. STATE.

### 7 Div. 650.

Court of Appeals of Alabama.

June 30, 1930.

Rehearing Denied Aug. 19, 1930.

Further Rehearing Denied Dec. 16, 1930 and Aug. 4, 1931.

Riddle & Riddle, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

█ The cause was tried by the court without a jury. It is here insisted for the first time that no venue was proven. The finding of the court has the force and effect of a verdict of a jury and we think is entitled to the same protection. As to the venue, Mrs. Pearce, the principal state's witness, testified that, at the time of the alleged shooting, "I lived right this side of Ironaton on company land." The court takes judicial knowledge of the fact that Ironaton is in Talladega county, and the house of Mrs. Pearce being located between Talladega and Ironaton must of necessity have been within the county of the venue. Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; 6 Enc. Digest (Mitchies) 31 P. 7 (2). The finding of the court on the question of venue was warranted by the evidence.

█ It would be error for a trial court to permit details of a prior difficulty, but it is not error to permit the introduction of evidence as to all that was said in a conversation at the instance of the state, where a part of the conversation was brought out by the defendant. In other words, one party having brought out a part of conversation or dispute, the other party is entitled to all of it, that the jury may arrive at the true meaning of the parties from the whole, rather than from fragments.

Other exceptions reserved to rulings of the court on the admission of evidence, relative to prosecutor's house having been shot into on previous occasions and in a different community by other parties, are so clearly without merit as to need no discussion.

If the court trying the case believed the evidence for the state beyond a reasonable doubt, which apparently it did, there can be no doubt of the guilt of the defendant. As to this the evidence disclosed by the record is not of such character as would warrant this court in disturbing the judgment.

Let the judgment be affirmed.

Affirmed.

On Rehearing.

Our attention having been further called to the above cause, the court ex mero motu places the cause on rehearing for further consideration, and upon such consideration the former opinion is recalled, the foregoing opinion substituted, and application overruled and judgment of affirmance ordered to stand.